## SINCLAIR REFINING CO. et al. v. JEFFERSON COUNTY EXCISE BOARD.

No. 28368.   April 12, 1938.

Mastin Geschwind, for plaintiff in error.

Victor Eckler, County Atty., Mac Q. Williamson, Atty. Gen., and J. Harry Johnson, Asst. Atty. Gen., for defendant in error.

WELCH, J. This is an appeal from the Court of Tax Review involving the general fund levy for 1937-38 of school district No. 11 in Jefferson county.

The district levied 14.1354 mills for the purpose of financing its current needs and appropriations. No appropriation was made for payment of transfer fees. The school district is qualified for secondary aid and relied upon the state for the payment of the entire amount of transfer fees.

It is protestant's contention that chapter 13, S. L. 1933, prohibits school districts which have transferred pupils to other districts from expending all of the local revenues and levies for purposes exclusive of transfer fees. The theory apparently being that, since this district had transferred pupils, the law did not permit the use of all the current revenue for purposes other than or exclusive of transfer fees.

Protestant does not contend that the district should have received any appropriation for transfer fees, being content with the provision of subdivision 4 of section 4, H. B. No. 6, S. L. 1937, p. 533, which provides that the state shall pay all of the transfer fees of districts qualifying for secondary aid.

But it is urged that chapter 13, S. L. 1933, reserves a certain amount of the local funds for transfer fees, and that no authority exists for using it for any other purpose, and that since House Bill 6, S. L. 1937, provides for the payment of the item by the state, the amount which the district would have provided for transfer fees and which would have been appropriated for that purpose if the district had been paying its own transfer fees, must be entirely eliminated from the budget and use of the district.

The effect of the theory, as we understand it, is that when the Legislature provided for the payment of all transfer fees for districts of this class, the additional state financial assistance thus afforded was given upon condition that a like amount be deducted from the limit of levy or limit of the appropriations of the district, or up-on condition that a proportionate reduction of ad valorem taxes in the district should result, in a manner somewhat similar to the assistance provided under chapter 195, S. L. 1933; it being urged that receipts or recoveries from the state under House Bill No. 6, S. L. 1937, must reflect themselves in a reduction of the otherwise permissible levies, instead of releasing a corresponding portion of the local funds for other use.

A consideration of the legislative acts and related statutes, in our opinion, leads to the conclusion that chapter 13, S. L. 1933, discloses a clear legislative intent to make available a proportionate part of the local income and revenue of the districts therein classified for the payment of transfer fees. Chapter 13 merely designates the manner and purpose for which local income and revenue shall be used by the districts in the conduct of its educational facilities.

It is our further opinion that House Bill 6, supra, merely withdrew school districts of the class herein considered from the operation of those provisions of chapter 13, supra, which we have noted. In doing so it has not rendered either chapter 13, S. L. 1933, nor H. B. 6, supra, local or special legislation. Grable v. Childers, State Auditor, 176 Okla. 360, 56 P.2d 357.

The unmistakable object and intent of the legislation herein considered, and which we have considered in the case of Stanolind Pipe Line Co. v. Tulsa County Excise Board, No. 28356, decided April 5, 1938, (not yet released for publication), is to promote higher efficiency and more nearly uniform educational facilities among the several school districts throughout the state, and state financial assistance is afforded more liberally to those districts less financially able to provide higher standards. Nowhere does there appear an intention to thereby provide state financial aid upon condition that a like amount be deducted from the limit of levy or limit of the appropriations of the district, or up-on condition that a proportionate reduction of ad valorem taxes in the district should result. Such legislation throughout discloses the intention to lend aid only, or more liberally, to those districts which first extend themselves toward the legal limits of providing funds locally for school purposes. Such is the province of the legislative body, and it is the duty of the courts to construe its acts in promotion of the will of the Legislature.

The judgment of the Court of Tax Review is affirmed.

BAYLESS, V. C. J., and RILEY, PHELPS, CORN, GIBSON, HURST, and DAVISON, JJ., concur. OSBORN, C. J., absent.