## UNITED SERVICE STREET CAR CO. et al. v. McCARTER et al.

No. 25102.   March 6, 1934.

Green & Farmer and Gerald Fitzgerald, for petitioners.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., B. A. Hamilton, and Parke Davis, for respondents.

BUSBY, J.   This is an original proceeding in this court in which the petitioners seek to vacate an order and award of the State Industrial Commission.

The claimant, J. D. McCarter, had been working for the petitioner United Service Street Car Company for 15 years previous to the injury involved herein. On the 27th day of January, 1933, while employed by the petitioner, he received an accidental personal injury arising out of and in the course of his employment. The injury was a hernia resulting from a strain which occurred when claimant lifted a controller weighing about 60 pounds. He was immediately provided medical attention by the petitioners. An operation for the hernia was tendered by the petitioners and accepted by him. The operation was performed February 7, 1933. This operation proved unsuccessful. After the operation he remained in the hospital for several weeks. Upon being released from the hospital, he did not return to work. Thereafter, and notwithstanding the fact that claimant did not (according to his testimony) expose himself to further strain, he suffered a recurring hernia.

The claimant filed his claim for compensation on February 6, 1933. On August 31, 1933, a hearing was held to determine liability and extent of disability. He testified as a witness in his own behalf, and introduced two doctors who had examined him subsequent to the injury, and who testified as to his physical condition based upon their examination and the history of his case.

It appears from the record that previous to the injury sustained on January 27, 1933, the claimant had twice before, during the period of his employment by the United Service Street Car Company, suffered from hernia. In each of those cases he had been relieved by a successful, or apparently successful, operation.

The testimony introduced by claimant established that the recurring hernia from which

claimant is now suffering is attributable to the accidental injury of January 27, 1933; that he is totally incapable of performing normal labor by reason of his condition; that due to the presence of scar tissue in the vicinity of the hernia, and other physical conditions, it would be practically impossible to perform a successful operation and thereby restore his physical ability to earn a livelihood; that due to claimant's condition, such an additional operation would be extremely dangerous to him.

Petitioners' evidence, on the other hand, tended to establish that grave danger to claimant would not be incidental to the additional operation, and that there was considerable probability of success.

Petitioners then tendered an additional operation, which was refused by claimant on the theory that the probability of success was slight and the hazards great, and that the advice of his doctors was against undergoing the operation.

The Commission then entered its order finding that the claimant was permanently and totally disabled by reason of the recurrence of the hernia for which he had undergone an operation. Claimant was accordingly awarded compensation for 500 weeks at the rate of $12.31 per week.

It is the contention of petitioner that claimant should have been denied relief unless and until he submitted to an additional operation and gave the petitioners another opportunity to correct his physical condition.

The particular provision of the Workmen's Compensation Law applying to this case is found in section 13356, O. S. 1931. It reads:

"Hernia: In the case of an injury resulting in hernia, compensation for eight weeks, and the cost of the operation, shall be payable; provided, that if the hernia results in a total permanent disability, then the Commission may so determine said fact and award the claimant compensation for a total permanent disability.

Under this statutory provision this court has held that where the claimant is suffering from an operative hernia, he must accept a tendered operation before he can claim compensation other than for the eight weeks provided in the first portion of the subsection above quoted. Chas. M. Dunning Const. Co. v. Heck, 160 Okla. 93, 15 P. (2d) 988.

However, if the employer or insurance carrier fails to tender the operation, the claimant is entitled to compensation for disability prior to the tender. Tom Slick Oil Co. v. Sullivan, 167 Okla. 72, 26 P. (2d) 926; Allen v. Elk City Cotton Oil Co., 125 Okla. 142, 256 P. 898. This case, however, differs from the situations considered in the above mentioned cases. The claimant in this case underwent one operation by which it was undertaken to correct the condition created by the hernia. The operation proved unsuccessful. His physicians say another operation would be useless and dangerous. He therefore refuses to undergo the same.

The refusal of an injured workman to undergo a minor operation, which is simple, safe, and reasonably certain to effect a cure, may deprive him of the right to receive compensation for continuing disability. However, no man may be compelled to take a risk of death, however slight, in order that the pecuniary obligation created by law against his employer may be minimized. This rule arises from the high respect which the law has for human life.

The burden of proving that the tendered operation is simple, safe, and "reasonably certain to effect a cure," is upon the employer.

In a case where conflicting evidence is introduced concerning the safety of a tendered operation, and the probability that a cure will be effected thereby, the reasonableness of the refusal of the injured employee to accept such operation resolves itself into a question of fact to be determined from the evidence. Consolidated Lead & Zinc Co. v. State Ind. Com., 147 Okla. 83, 295 P. 210; Ind. Territory Ill. Oil Co. v. Bates, 151 Okla. 38, 1 P. (2d) 750.

These foregoing principles are controlling in the case at bar. In view of the conflicting evidence in the record, it is not within our province to say as a matter of law that claimant's refusal to undergo an additional operation for hernia was unreasonable.

The evidence supports the view that claimant was permanently and totally disabled; that the tendered operation was useless and dangerous, and that claimant's refusal to undergo the tendered operation was reasonable.

The remaining question in this case relates to the rate of compensation. Claimant for more than one year next preceding the injury had been working for $3.20 per day four days each week. He was awarded

compensation at the rate of $12.31 per week. Claimant's actual average weekly wage was $12.80. Under the rules established by this court in the cases of Producers & Refiners Corporation v. McDougal, 166 Okla. 60, 26 P. (2d) 210, and Oklahoma City v. Arnold, 163 Okla. 294, 25 P. (2d) 651, his rate of compensation should have been two-thirds of his actual average weekly wage, or $8.53 per week. The award of the Commission will be modified accordingly, and as so modified will be affirmed.

The award of the Commission is affirmed, with directions to the Commission to modify its award in accordance with the views expressed herein.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and OSBORN, JJ., concur.