## CHAS. M. DUNNING CONSTRUCTION CO. et al. v. HECK et al.

No. 22888.    Opinion Filed Nov. 1, 1932.

Clayton B. Pierce, A. J. Follens, and Truman B. Rucker, for petitioners.

G. E. Warren and J. Berry King, Atty. Gen., for respondents.

ANDREWS, J.    This is an original proceeding in this court instituted by the respondent and its insurance carrier before the State Industrial Commission to review an award in favor of the claimant therein. The parties hereinafter will be referred to as petitioners and claimant.

The claimant, a carpenter, was injured on June 19, 1929, while in the employ of the petitioner Chas. M. Dunning Construction Company.    He filed his first notice of injury with the State Industrial Commission on August 20, 1929, in which he claimed to have received an injury in the left groin from running into a projecting piece of lumber.    On September 21, 1929, he filed a second notice of injury in which he stated that he had received an injury to the groin and left side.    On October 5, 1929, a stipulation of settlement and agreement and receipt was filed and approved by the State Industrial Commission.    On November 22, 1929, the claimant filed an additional report in which he claimed that he had been discharged by his physician, but that he was not able to return to work. On December 13, 1929, the claimant filed a

motion to review the award made upon the agreed settlement. Hearings were had, and on December 2, 1931, the State Industrial Commission found that by reason of the accidental injury arising out of and in the course of his employment the claimant is and has been since the date of the injury on June 19, 1929, totally incapacitated from the performance of any manual labor and that he is entitled to compensation at the rate of $12.31 per week from December 13, 1929, to July 16, 1931, amounting to $1,-021.73 and continuing thereafter weekly at the rate of $12.31 per week for a period of not exceeding 300 weeks, or until otherwise ordered by the Commission. This proceeding is to review that award.

The petitioners contend that the award is not supported by competent evidence and that it is contrary to law.

The testimony shows that the claimant is suffering from a hernia, and the record shows slight, but, in our opinion, sufficient evidence to support the implied finding that the hernia was the result of an injury which arose out of and in the course of employment of the claimant by the petitioner. There is nothing in the record to show that total disability would exist in the absence of the hernia.

In its award the State Industrial Commission does not attempt to define the physical condition of the claimant. The finding is that the "claimant is now, and has been since the date of his injury, totally incapacitated from any performance of manual labor." The Commission did not attempt to determine whether the claimant was temporarily totally disabled or permanently totally disabled, but the award indicates a finding of temporary total disability, otherwise the compensation would not have been limited to 300 weeks. An award based upon a finding of total permanent disability could not be sustained, for there was no showing of total permanent disability. The record shows that the disability would be materially affected by an operation for hernia. Section 7290, C. O. S. 1921, as amended by chapter 61, sec. 6, Session Laws 1923 [O. S. 1931, sec. 13356], provides, in part, as follows:

"Hernia: In the case of an injury resulting in hernia, compensation for eight weeks, and the cost of the operation shall be payable; provided, that if the hernia results in a total permanent disability then the Commission may so determine said fact and award the claimant compensation for a total permanent disability."

The amount of compensation for hernia is thereby limited to eight weeks. The amount paid under the stipulation and settlement was in excess of the amount due for eight weeks' disability. There is nothing in the record to show that the claimant ever complained of a hernia, and the physicians who examined him prior to the stipulation and settlement testified that there was no hernia at that time. No request was ever made upon the petitioners for an operation for hernia. For that reason there has been no long and unnecessary delay in the tendering of an operation.

The award is vacated. The cause is remanded to the State Industrial Commission, with directions to make an award requiring the petitioners to tender the claimant an operation for hernia and to make such further order and award thereafter as shall afford the claimant his rights under the Workmen's Compensation Act in accordance with the physical condition of the claimant after that operation, keeping in mind the fact that, under the statute quoted, compensation based upon total permanent disability resulting from a hernia may be awarded only after a finding from competent evidence that total permanent disability resulted from a hernia caused by an injury arising out of and in the course of the employment of the claimant.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.