SAFEWAY STORES, Inc., et al. v. BRUMLEY et al.

No. 30925. July 7, 1942.

Rehearing Denied Sept. 15, 1942.

*128 P. 2d 1006.*

Looney, Watts, Fenton & Eberle, of Oklahoma City, for petitioners.

J. B. Moore, of Ardmore, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Safeway Stores, Inc., and its insurance carrier, hereinafter referred to as petitioners, to obtain a review of an award which was made by trial commissioner on February 19, 1942, and likewise entered by the State Industrial Commission on April 4, 1942, in favor of Henry Brumley, hereinafter referred to as respondent.

The essential facts as refilected in the record before us will be briefly stated. Respondent sustained a compensable injury on November 23, 1939, which resulted in a left inguinal hernia. Petitioners furnished an operation on January 13, 1940, to correct the condition and paid compensation at the rate of $11.54 per week for a period of eight weeks. Settlement was evidenced by a form 7 agreement which was filed with the commission on March 5, 1940. The respondent immediately became dissatisfied with the settlement which had been made, and on March 16, 1940, filed with the commission a claim seeking compensation for permanent disability. As a result of hearings had on the aforesaid claim the trial commissioner, on May 20, 1940, found that respondent had been furnished an operation to correct his hernia condition and that the same had been successful, and that respondent's rate of compensation should have been $13.32, and awarded him compensation at said rate for the 8-week period. Thereafter, on August 13, 1940, respondent filed a further claim for compensation for permanent total disability based upon the allegation that such had resulted either from a faulty operation or else from a change in condition which had rendered him unable to perform any ordinary manual labor. At the hearings held on the last-mentioned application much evidence was introduced, the medical evidence of petitioner being to the effect that the hernia operation had been successful and that respondent would be able to return to his work within six months or one year there-

after. The commission finally, on February 1, 1941, denied the claim for further compensation. The respondent then went to work at his trade in a meat market at Longview, Tex., where on July 18, 1941, when lifting a 30- or 40-pound piece of beef off a hook in a refrigerator, he felt a sharp pain at the site where he had previously had a hernia. An examination revealed that respondent again had a left inguinal hernia at the site of the original hernia. Thereupon, on July 30, 1941, respondent renewed his application to reopen the cause on the ground of change in condition which had resulted in a permanent total disability and sought compensation for such disability. At the hearings held on this last application the competent medical evidence was in agreement with respect to the fact that respondent then had a left inguinal hernia in the same place where the original hernia had been, and that respondent was then permanently and totally disabled as a result of such hernia condition to perform ordinary manual labor. This evidence was in direct conflict, however, as to whether such hernia was a recurrence of the original hernia or a new hernia which had been caused by a second accident or an independent intervening cause. The trial commissioner, upon the facts substantially as narrated, found that the hernia with which respondent was suffering was a recurrence of the original hernia and, based upon such finding, awarded compensation for a permanent total disability. This award was affirmed by the State Industrial Commission sitting en banc.

The petitioners make one contention here, which is, in substance, that the finding by the commissioner that the hernia which respondent now has is a recurrence of the hernia which he sustained on November 23, 1939, is not supported by any competent evidence, and cites in support thereof Barnsdall Oil Co. v. State Industrial Commission, 178 Okla. 242, 62 P. 2d 655, and Chas. Dunning Const. Co. v. Heck, 160 Okla. 93, 15 P. 2d 988. An examination of the cases thus cited will reveal that they are authority for the rule that compensation for permanent total disability may be awarded in hernia cases only where the hernia has been caused by an injury arising out of and in the course of employment and has resulted in a permanent total disability. The rule is a sound one, but we fail to perceive where it has more than an incidental application to the case at bar. The issue which was submitted to the State Industrial Commission for determination was whether there had been a recurrence of the original hernia or whether respondent had sustained a new hernia either as the result of a subsequent accident or an independent and intervening cause on July 18, 1941. It is settled doctrine that if the subsequent hernia was a mere recurrence of the original hernia, then the commission had the authority to make the award which it did. See United Service Street Car Co. v. McCarter, 167 Okla. 433, 30 P. 2d 456. The competent evidence upon the issue submitted for determination was in conflict, and therefore the State Industrial Commission was the judge of its weight and credibility. Indian Territory Illuminating Oil Co. v. State Industrial Commission, 185 Okla. 72, 90 P. 2d 398; Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847.

The fact that the State Industrial Commission had previously found that respondent then had no permanent disability and had been given an operation for his hernia condition which had apparently been successful was conclusive only insofar as it related to the then actual existing condition, and could have no application to future developments. As said in Southern Drilling Co. v. Daley, 166 Okla. 33, 25 P. 2d 1082:

"The State Industrial Commission's adjudication of a physical condition is final as to the condition then existing, but it is not final insofar as it predicts the future course of the injury when something new appears therein showing a different condition."

The evidence before the commission clearly showed that respondent had un-

dergone an actual change in physical condition since the last prior order of the commission and that this change had resulted in a permanent and total disability. Whether the same was due to a recurrence of the original injury or to an independent or intervening cause was the only disputed question. The commission resolved the conflict thus existing in favor of the respondent, and there is competent evidence in the record to sustain such finding. Such being the case, it becomes our duty to sustain the award.

Award sustained.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, GIBSON, and DAVISON, JJ., concur. BAYLESS, HURST. and ARNOLD, JJ., absent.