RIALTO MINING CO. et al. v. PERRY et al.

No. 33125. July 20, 1948.

*196 P. 2d 687.*

A. C. Wallace, John R. Wallace, and Ben T. Owens, all of Miami, for petitioners.

Donald F. McMahon, of Tulsa, and James K. Eaton, of Miami, for respondents.

DAVISON, V. C. J. This is an original proceeding in this court, brought by Rialto Mining Company and its insurance carrier, to review an award of the State Industrial Commission in favor of Oren Leon Perry. The parties will be referred to as they appeared in the commission.

In June, 1946, the claimant was operated on for the repair of a right inguinal hernia. After his healing period he was discharged, by the doctor, as completely recovered and able to perform manual labor, the operation being successful. On August 27th he was

employed by the respondent, but was first given a physical examination before going to work. He was pronounced physicaly fit by the physician making that examination.

On September 11th he strained himself lifting a piece of equipment in the course of his employment. As a result he suffered a hernia which came through the scar left by the operation. Several doctors testified about the results of various examinations made subsequent to the latter appearance of the hernia. The testimony was conflicting as to whether the hernia was a recurrence of the original or was direct. The weight of the medical testimony was also to the effect that an operation would be successful and would in all probability remove claimant's disability, although, being a major operation, would be somewhat dangerous. The respondent had tendered and, again during the trial, tendered claimant an operation which had not been accepted prior to the final order.

The trial commissioner made an order and upon appeal to the commission en banc, an award was made for permanent total disability. The award contained, among others, the following findings:

"That on the 11th day of September, 1946, the claimant was in the employ of the respondent and engaged in a hazardous occupation, mining underground of mineral ore, subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental personal injury, arising out of and in the course of his employment, consisting of an injury to the right side, resulting in a recurrence of a hernia in the scar of a previous hernia operation performed sometime in June or July, 1946.

"That the respondent has tendered an operation and fourteen weeks compensation herein, and that the claimant herein has refused to accept said tendered operation."

It is the contention of petitioner herein, respondent in the commission, that the two facts contained in the first finding above—a compensable personal injury and a recurrence of the previous hernia—could not be co-existent; and that, in either event, no award for permanent total disability could be made. It is argued that if claimant received an accidental personal injury in September, resulting in a hernia, he cannot claim permanent total disabilty without first submitting to an operation for its repair, citing Williams v. Commander Mills, 181 Okla. 362, 73 P. 2d 1143; Barnsdall Oil Co. v. State Industrial Comm., 178 Okla. 242, 62 P. 2d 655; Dunning Const. Co. v. Heck, 160 Okla. 93, 15 P. 2d 988; Southland Gasoline Co. v. Bowlin, 152 Okla. 117, 3 P. 2d 663, and Crowe Coal Co. v. Swindell, 109 Okla. 275, 235 P. 614.

The opinions in all of these cases adhere to the rule as stated in Williams v. Commander Mills, Inc., et al., supra, as follows:

"Under the Workmen's Compensation Law of this state, an injured employee disabled as the result of an operative hernia may not refuse an operation to correct such hernia and claim compensation for a permanent disability."

Respondent employer also urges that, if claimant suffered a recurrence of the orignal hernia, he had a change of condition attributable thereto and did not have a disability resulting from an accidental personal injury sustained September 11, 1946, arising out of and in the course of his employment by respondent.

This court said in the case of New York Indemnity Co. et al. v. Miller et al., 163 Okla. 283, 22 P. 2d 107:

" . . . The record shows that that disability was the result of either a recurrence of the injury sustained from the accident which occurred on February 2, 1931, or that it was caused by an independent intervening accident on November 27, 1931. It was not caused by both."

In that case it was held that it was incumbent upon the commission to find

from the evidence whether the disability was the result of a recurrence of the former condition or the result of a subsequent accident which was an independent and intervening cause. The case was remanded for such determination. To the same effect were the following cases: Tippett & Bond et al. v. Moore et al., 167 Okla. 636, 31 P. 2d 583; Douglas Aircraft Co., Inc., et al. v. Bounds et al., 198 Okla. 69, 175 P. 2d 342. These cases contain a thorough discussion of the rule with citation of numerous authorities. However, they do not involve injuries resulting in hernia, although the same rule and reasoning would apply.

In the case of Safeway Stores, Inc., v. Brumley, 191 Okla. 270, 128 P. 2d 1006, "the issue which was submitted to the State Industrial Commission for determination was whether there had been a recurrence of the original hernia or whether respondent had sustained a new hernia either as the result of a subsequent accident or an independent and intervening cause on July 18, 1941. . . ." In that case, claimant received a hernia while employed by Safeway Stores, Inc. He was successfully operated and was paid compensation therefor. Subsequently, the commission found him to be completely recovered. Later he went to Texas, where he suffered a recurrence of the hernia. His case against the first employer was reopened by order of the commission because of a change in condition and he was awarded permanent total disability, based on a finding of the commission that claimant had a recurrence of the original hernia. In sustaining the award, this court pointed out that the only question presented was whether or not claimant's physical condition was due to a recurrence of the original injury or to an independent or intervening cause. The finding of the commission that there was a recurrence was based upon conflicting evidence and, therefore, was conclusive.

In the case of Crawford v. Tampa Inter-Ocean S. S. Co., Inc. (La.) 150 So. 875, a situation almost identical to the one at bar was presented. There, the claimant secured employment with a different employer a few months after a successful operation for hernia. In a short time, the hernia recurred and he sought recovery from the employer at the time of the original injury. The employer sought to escape liability by reason of the fact that the operation was successful and claimant had subsequently been working for another employer. The court said:

"We cannot agree with this view of the case because it is at variance with the medical testimony. A 'recurring hernia' at the same spot, as the word 'recurring' signifies, is a return of a former hernia, which, though temporarily arrested by the operation, was one of the small minority of cases in which a successful result did not follow a skillful operation. The original injury received by Crawford on May 28, 1932, is responsible for his present condition."

In the instant case, claimant was suffering from a recurrence of the original hernia received prior to his employment by respondent or he was suffering from the results of an independent and intervening accident on September 11, 1946, while in respondent's employ. The evidence as disclosed by the record was uncertain as to the cause of his disability, and the finding of the commission thereon was more so. Paralleling the holding in the case of New York Indemnity Co. et al. v. Miller et al., supra, we conclude "that it is the duty of the State Industrial Commission" to take further testimony and "to determine from the evidence whether the . . . disability of the claimant was due to a recurrence of the injury sustained" previously "or to an independent intervening cause, to wit, the occurrence on" September 11, 1946, and to make or deny an award in conformity therewith in view of the foregoing opinion.

The award is vacated, with instructions that the commission proceed in conformity with the views herein expressed.

HURST, C.J., and WELCH, CORN, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.