PERRY v. RIALTO MINING CORPORATION et al.

No. 33964.    July 5, 1949.

*208 P. 2d 171.*

———

Donald F. McMahon, of Tulsa, for petitioner.

Ben T. Owens, John R. Wallace, and A. C. Wallace, all of Miami, and Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, J.  The award here ordered payment incident to an operation for hernia, and for the statutory 14 weeks as provided in 85 O.S. 1941 §22 for operative hernia.

This is the second appeal or review in this proceeding, the first having been determined in Rialto Mining Co. v. Perry, 200 Okla. 474, 196 P. 2d 687. Therein the court vacated an award

for permanent total disability entered for the claimant by the State Industrial Commission and directed the State Industrial Commission to make a specific finding as to whether the accidental injury caused a new and independent hernia, or whether the hernia was a recurrence of a former hernia. A statement of facts is fully made in the former opinion.

In the proceedings of the State Industrial Commission subsequent to the former opinion, the finding was made that claimant had sustained a new and independent hernia; that the hernia was operative and an award was entered as stated above.

It is the contention of claimant that it was the duty of the State Industrial Commission, after determining that claimant had sustained an intervening and independent hernia, to further find that by reason of the danger incident to an operation claimant is totally and permanently disabled. This is the single issue presented in four propositions by claimant.  He cites and relies upon United Service Street Car Co. v. McCarter, 167 Okla. 433, 30 P. 2d 456; Burnett Hauert Lumber Co. v. Thompson, 185 Okla. 627, 95 P. 2d 630, and related cases. These cases are authority for the rule that where an accidental injury results in hernia and there has been one operation to cure the hernia which proved unsuccessful, or an operation would be dangerous to life, it is not necessary for the injured employee to submit to an operation, and if the evidence discloses that by reason of the injury he is totally and permanently disabled he may obtain an award for permanent total disability.

The rule to be applied in the case at bar is stated in Dunning Const. Co. v. Heck, 160 Okla. 93, 15 P. 2d 988:

"Where an injured employee is suffering from the result of a hernia which is operative, the State Industrial Commission may award compensation for eight weeks and the cost of an operation, and it may not award compensa-

tion for total permanent disability until the operation has been performed, for, until an operation has been performed, the State Industrial Commission may not determine that permanent disability resulted from the hernia."

See, also, Barnsdall Oil Co. v. State Industrial Commission, 178 Okla. 242, 62 P. 2d 655, and Williams v. Commander Mills, 181 Okla. 362, 73 P. 2d 1143.

The State Industrial Commission found from competent evidence that the hernia was operative. In Rialto Mining Co. v. Perry, supra, we said:

"The weight of the medical testimony was also to the effect that an operation would be successful and would in all probability remove claimant's disability although, being a major operation, would be somewhat dangerous. The respondent had tendered and, again during the trial, tendered claimant an operation which had not been accepted prior to the final order."

The same evidence supports the award in the case at bar.

Award sustained.