**PETTIT MOTOR COMPANY and St. Paul Mercury Indemnity Company, Petitioners,**

v.

**James A. PETTIT and State Industrial Court, Respondents.**

**No. 39434.**

Supreme Court of Oklahoma.

Feb. 28, 1961

Butler, Rinehart & Morrison, Oklahoma City, for petitioners.

Basil S. Null, Hartshorne, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

This is the second petition to review an award involved in this case. The first was disposed of in Pettit Motor Company et al. v. Pettit et al., Okl., 353 P.2d 20, 22. The record discloses that James A. Pettit, hereinafter called claimant, sustained an accidental injury resulting in hernia. Before this hernia was repaired he sustained a second accidental injury resulting in disability to his leg. In Pettit Motor Company v. Pettit, supra, an award was vacated. In discussing the merits of the case it is stated:

"It is readily conceivable that an employee could sustain an injury and have permanent loss of use of his leg and at the same time sustain total and permanent disability as a result of such injury. Whether or not there is permanent total disability would be determined in accordance with the facts. Any other construction placed upon the act would, in effect, nullify the provision that 'in all other cases, permanent total disability shall be determined in accordance with the facts.' The Legislature recognized the fact that in some instances a permanent total disability might result where there has been no loss of any member of the body and made provisions for such disabilities. Sheldon Oil Co. v. Thompson, 176 Okl. 511, 56 P.2d 1171; Wilson Lumber Company v. Wilson, 77 Okl. 312, 188 P. 666. Therefore, if claimant's injury to his left leg, which caused an aggravation of phlebitis, rendered the claimant totally and permanently disabled, the Commission could have rendered an award for the same under Section 22(1), supra."

In directing the vacating of the award for further proceedings in the State Industrial Court it is stated:

"The order of the Commission is therefore vacated and remanded for further proceedings. If on further hearing the Commission should find claimant is permanently and totally disabled as a result of the hernia or as a result of the leg injury standing alone, enter an award accordingly; if claimant is not totally and permanently disabled as a result of either standing alone, enter an order determining the percentage of disability attributable to the injury resulting in hernia and the percentage attributable to the leg injury as provided by law."

The cause was set for hearing on receipt of mandate and in the award of the State Industrial Court herein involved it is stated:

"That as a result of the double hernia, which is not operable claimant is totally and permanently disabled to the body as a whole and further that because of the injury to his left leg, causing an aggravation of phlebitis, claimant is totally and permanently disabled to the body as a whole; it is further the opinion of the Court that either injury has rendered claimant totally and permanently disabled to the body as a whole without the combination of taking them together.

"That as a result of the injury to his left leg and/or the double hernia, claimant is totally disabled and entitled to 500 weeks at $28.00 a week, or $14,000.00, less temporary total compensation heretofore paid for 94 weeks or $2632.00, leaving a balance of $11,-368.00 * * *."

 Petitioners seek a review of this award and in three separate contentions argue there is no competent evidence reasonably tending to support the award. It is first stated that the order is not in conformity with the competent evidence introduced in the cause but is contrary thereto. It is next stated that the order is contrary to and in violation of the Workmen's Compensation Law of the State of Oklahoma and in violation of the provisions of the Act. 85 O.S.1951 § 1 et seq. The contentions of the petitioners that there is no competent evidence reasonably tending to support the award cannot be sustained.

Dr. M stated that if an operation of the hernia were successful claimant would still be totally and permanently disabled by reason of the phlebitis in the leg. Dr. L stated that the hernia was inoperable and that this rendered claimant totally and permanently disabled by reason of the disability due to the hernia.

In presenting these two arguments petitioners contend that the State Industrial Court was without authority to enter an award for permanent total disability due to the hernia until claimant had been operated.

They cite in support thereof Perry v. Rialto Mining Corp. et al., 201 Okl. 584, 208 P.2d 171, 172. The cases cited therein do not support the argument that there must first be an operation for the hernia before an award can be entered for permanent total disability. The correct rule is stated as follows in Perry v. Rialto Mining Corp., supra:

"* * * These cases are authority for the rule that where an accidental injury results in hernia and there has been one operation to cure the hernia which proved unsuccessful, or an operation would be dangerous to life, it is not necessary for the injured employee to submit to an operation and if the evidence discloses that by reason of the injury he is totally and permanently disabled he may obtain an award for permanent total disability."

In United Service Street Car Co. et al. v. McCarter et al., 167 Okl. 433, 30 P.2d 456, 458, it is stated:

"In a case where conflicting evidence is introduced concerning the safety of a tendered operation and the probability that a cure will be effected thereby, the reasonableness of the refusal of the injured employee to accept such operation resolves itself into a question of fact to be determined from the evidence. Consolidated Lead & Zinc Co. v. State Ind. Com., 147 Okl. 83, 295 P. 210, 73 A.L.R. 1298; Ind. Territory Ill. Co. v. Bates, 151 Okl. 38, 1 P.(2d) 750."

There is competent evidence reasonably tending to support the finding of the State Industrial Court that claimant is totally and permanently disabled.

 Finally it is argued that the award is vague and indefinite. We do not agree. The award fixes the degree of disability due to each injury as total and permanent. The award is not vague and indefinite within the rules of any case cited in support of this proposition.

Finding no error the award is sustained.