**ALDRIDGE HOTEL and Insurance Company of North America, Petitioners,**

v.

**W. T. FORD and the State Industrial Court of the State of Oklahoma, Respondents.**

**No. 41624.**

Supreme Court of Oklahoma.

Dec. 20, 1966.

Rehearing Denied Feb. 28, 1967.

Wm. G. Smith, of Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for petitioners.

Brown, Brown, Brown & Hackler, McAlester, Charles Nesbitt, Atty. Gen., for respondents.

DAVISON, Justice.

Claimant at the time of the injury constituting the gravamen of this action, a right inguinal hernia had attained the age of seventy years. The injury was sustained in lifting by the claimant while employed by the petitioner in a pursuit within the purview of the Workmen's Compensation Law. The petitioner, who will hereinafter be referred to as employer, tendered an operation which was scheduled on three occasions. Each time the claimant delayed such surgical treatment. Finally, the claimant, upon being advised that he could not remain in the employment of his employer unless he underwent surgery for the hernia, left the employment. The claimant testified that he did not want to submit to the proffered

operation on the advice of his doctor who had advised that the operation would endanger claimant's life.

The trial judge of the State Industrial Court upon conclusion of the presentation of evidence by claimant and, by his employer, found, by order filed April 27, 1965, that claimant sustained an accidental personal injury arising out of and in the course of his hazardous employment with the employer on December 2, 1963, consisting of a right inguinal hernia; that on the date of injury and at the time of trial and award, claimant suffered from a coronary disease and in consequence of such heart condition the hernia could not be surgically repaired without serious danger of loss of claimant's life; that the employer had tendered medical treatment including surgery to repair the hernia which surgery was by the claimant refused; that as a result of said injury and the complications attendant thereto claimant suffered permanent and total disability and was entitled to compensation for 500 weeks at $15.00 per week with credit allowed for two weeks of temporary total disability theretofore paid to him. The order of the trial judge was appealed by the employer to the State Industrial Court en banc and on appeal the award of the trial judge was in all respects affirmed. Petition for review in this court was filed by employer August 19, 1965.

Employer assails the award of the State Industrial Court on the ground that hernia, as a scheduled injury cannot constitute a basis for an award of permanent total disability unless and until the claimant shall have had two unsuccessful surgical reduction operation attempts in the same area and it is established by competent expert testimony that further surgery will not result in full relief of the condition. This contention is based on 85 O.S.1961 § 22, paragraph 3, hernia. Employer cites as authority in support of his contention Barnsdall Oil Co. v. State Industrial Commission, 178 Okl. 242, 62 P.2d 655, which case is not controlling of the issues here involved. There the claimant had had a compensable hernia surgically repaired and had been paid the temporary total compensation provided by law. Thereafter claimant sought to reopen the cause on change of condition and a subsequent adjudication of permanent partial disability was held by this court to be unauthorized under the statute. Employer also cites Williams v. Commander Mills, Inc., 181 Okl. 362, 73 P.2d 1143, where this court held that an award of compensation for hernia of the prescribed number of weeks plus the cost of the indicated surgery was proper where surgical repair was refused. In neither Barnsdall Oil Co. v. State Industrial Court, supra, nor Williams v. Commander Mills, Inc., supra, was there any question of endangering the claimant's life in the performance of the indicated surgery. Employer also cites Chas. M. Dunning Const. Co. v. Heck, 160 Okl. 93, 15 P.2d 988. In each of these cases cited as authority by the employer in his brief the hernia was operable and there was no question of danger to the life of the claimant.

This court is of the opinion that the applicable authority is fully stated in United Service Street Car Company v. McCarter, 167 Okl. 433, 30 P.2d 456, where this court held that where conflicting evidence is introduced concerning the safety of a tendered operation and the probability of a cure being effected thereby, the reasonableness of refusal by a claimant to accept such operation resolves itself into a question of fact to be determined by the evidence. The language of the opinion justifies repetition:

"The refusal of an injured workman to undergo a minor operation which is simple, safe, and reasonably certain to effect a cure may deprive him of the right to receive compensation for continuing disability. However, no man may be compelled to take a risk of death, however slight, in order that the pecuniary obligation created by law against his employer may be minimized. This rule arises from the high respect which the law has for human life."

The reasoning in the United Service Street Car Company v. McCarter case, supra, was followed in Pettit Motor Company v. Pettit, Okl., 359 P.2d 1068, where the injury was inoperable hernia and an award of permanent total disability based thereon was by this court affirmed.

The rule in United Service Street Car Company v. McCarter, supra, is cited with approval in Perry v. Rialto Mining Corp., 201 Okl. 584, 208 P.2d 171, although held inapplicable to the factual situation there presented. The rule is fully set forth in Pettit Motor Company v. Pettit, supra, as follows:

"'* * * where an accidental injury results in hernia and there has been one operation to cure the hernia which proved unsuccessful, or an operation would be dangerous to life, it is not necessary for the injured employee to submit to an operation and if the evidence discloses that by reason of the injury he is totally and permanently disabled he may obtain an award for permanent total disability.'"

The testimony adduced on behalf of the claimant and to a material extent that adduced on behalf of the employer clearly discloses that surgical repair of the hernia of the claimant would place his life in jeopardy. There is in the record the testimony of Dr. G to the effect that in his opinion the claimant could have his hernia repaired with normal convalescence and normal hazards. Dr. B and Dr. L on the contrary testified that the risk involved is too great to be gratuitously assumed and should only be assumed in a desperate circumstance, such as might be attendant upon strangulation of the hernia of the claimant. The record also contains expert testimony that claimant's hernia will worsen in any employment not wholly sedentary.

As the trier of the facts the State Industrial Court has determined that surgical repair of the claimant's injury would jeopardize his life, and that, being therefore inoperable, the injury resulted in permanent total disability. There is sufficient evidence in the record to support such finding of fact, and such finding will not therefore be disturbed on appeal.

The State Industrial Court sitting en banc, during pendency of the appeal from the order of the trial judge, entered an order directing the claimant to submit to examination by a medical expert designated by the State Industrial Court. Such examination was made and the narrative report of the examiner received into evidence during pendency of the appeal to the court en banc and after the award by the trial judge was entered. Appeals to the State Industrial Court en banc are required by 85 O.S. 1961, § 77, subparagraph Ninth, to be adjudicated on the record made before the trial judge. Rule 14 of the rules of the State Industrial Court effective January 1, 1966, provides, in the ultimate sentence, that no new evidence will be considered on appeal. Admission of the said medical report in evidence is clearly error and if it were not cumulative in nature, and harmless in effect, would be immutably considered prejudicial, and reversible error.

The award of the State Industrial Court is sustained.