A. S. McSPERITT, Petitioner,

v.

SOONER SERVICE, INC., Tri-State Insurance Company and State Industrial Court of Oklahoma, Respondents.

No. 42206.

Supreme Court of Oklahoma.

May 23, 1967.

Schwoerke & Schwoerke, by K. J. Schwoerke, Oklahoma City, for petitioner.

Owen Townsend and Savage, Gibson, Benefield & Shelton, by Robert E. Shelton, Oklahoma City, Charles R. Nesbitt, Atty. Gen., for respondents.

WILLIAMS, Justice.

There is involved here an action to review an order of the State Industrial Court denying an award to claimant. Parties will be referred to as they appeared in the trial court. Claimant, A. S. McSperitt was denied a compensation award against the respondent, Sooner Service, Inc. and prosecutes this action.

Claimant on November 21, 1965, was employed by the defendant as an oil field roughneck. He was struck in the left eye by a rope while working in the course of his employment and contends that as the result of such accident has sustained permanent injuries to the left eye. Respondent denies liability.

The case was tried before the trial judge on May 9, 1966. Claimant offered medical evidence to the effect that as the result of the accident he had sustained a total loss of vision in the left eye. Respondent submitted medical evidence to the effect that the loss of sight if any to claimant's left eye was not caused by injuries sustained in the alleged accident.

The trial court on May 11, 1966, upon such conflicting evidence entered an award in favor of claimant for the total loss of vision in the left eye or 100 weeks compensation.

Respondent appealed to the State Industrial Court sitting en banc. On June 28, 1966, the court sitting en banc entered an order vacating the award entered by the trial judge on May 11, 1966 and directed the claimant to report to Dr. C for an examination of his eye and a determination if his loss of vision was due to the accidental injury sustained on November 21, 1965. The order directed Dr. C to furnish a written report of his examination to the State Industrial Court.

Dr. C filed his written report with the State Industrial Court on July 25, 1966. Dr. C found the sight in claimant's left eye to be practically normal and "the visual loss * * * if any" to be "grossly exaggerated by the patient."

The State Industrial Court sitting en banc on September 1, 1966, "after reviewing the record" entered a second order vacating the award entered by the trial judge on May 11, 1966 and further held that "claimant's claim for compensation is denied, for the reason that claimant's loss of vision, if any, in his left eye is not a result of said alleged accidental personal injury of November 21, 1965."

Title 85 § 77(9) O.S.1961 provides the procedure for a party to appeal from the decision of a trial judge to State Industrial Court sitting en banc in Workmen's Compensation Cases. The statute specifically provides that "[s]uch appeals * * * shall be determined on the record made before the trial Commissioner [judge]."

Rule 14, State Industrial Court, vitalizing Section 77, supra, states that "No new evidence will be considered on appeal."

■■ This court has held in several cases that an appeal to the State Industrial Court sitting en banc does not contemplate a trial de novo and the court sitting en banc on appeal is not authorized to direct the claimant to report to medical examiners for examination and base its decision in part on the findings made by such medical examiners. Hammon v. Oklahoma Gas & Electric Co., 202 Okl. 332, 213 P.2d 556; Consumers Co-op Ass'n v. Titus, 201 Okl. 344, 205 P.2d 1162.

In the recent case of Aldridge Hotel v. Ford, Okl., 425 P.2d 954, we said:

"The State Industrial Court sitting en banc, during pendency of the appeal from the order of the trial judge, entered an order directing the claimant to submit to examination by a medical expert designated by the State Industrial Court. Such examination was made and the narrative report of the examiner received into evidence during pendency of the appeal to the court en banc and after the award by the trial judge was entered. Appeals to the State Industrial Court en banc are required by 85 O.S.1961, § 77, subparagraph Ninth, to be adjudicated on the record made before the trial judge. Rule 14 of the rules of the State Industrial Court effective January 1, 1966, provides, in the ultimate sentence, that no new evidence will be considered on appeal. Admission of the said medical report in evidence is clearly error and if it were not cumulative in nature, and harmless in effect, would be immutably considered prejudicial, and reversible error."

In Aldridge Hotel v. Ford, supra, the incompetent medical report was in accord with the award of the trial judge and the court sitting en banc affirmed the award of the trial judge. This court held that the report although erroneously admitted in evidence was merely cumulative and did not justify a reversal of the case.

In the present case a different situation is presented. The claimant won his case before the trial judge. The medical report of Dr. C made findings in conflict with the medical testimony of the claimant's doctors upon which the award of the trial judge was predicated. The medical report of Dr. C was not merely cumulative. Apparently it was the deciding factor which caused the court sitting en banc to reverse the trial judge. The admission of the medical report was unquestionably prejudicial to the rights of the claimant.

■ The State Industrial Court sitting en banc erred in entering an order directing the claimant to report to Dr. C for a medical examination and in considering the written report of Dr. C in determining the merits of the appeal. Such error was prejudicial to the claimant and requires a reversal of this cause.

The order (denying award) of the State Industrial Court is vacated and this cause remanded to such court for further proceedings consistent with this opinion.

JACKSON, C. J., and DAVISON, BLACKBIRD, BERRY, HODGES, LAVENDER and McINERNEY, JJ., concur.