Charles W. HARRIS, Appellee,

v.

The **EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES**, a corporation, Appellant.

No. 49219.

Court of Appeals of Oklahoma, Division 2.

Feb. 22, 1977.

Rehearing Denied March 9, 1977.

Certiorari Denied Nov. 9, 1977.

Released for Publication by Order of Court of Appeals Nov. 14, 1977.

Dale F. McDaniel, Whitten, McDaniel, Osmond, Goree & Davies, Tulsa, for appellee.

Green, Feldman & Hall, Tulsa, for appellant.

BACON, Judge.

This case was submitted to the trial court on stipulated facts.

The record shows appellee was employed as an auditor for Cities Service Oil Company. Appellant had written a group policy for employees of Cities Service and the policy was in effect on August 20, 1973, the date appellee was injured. Appellee had attempted to unstop a drain by pouring Drano into the drain, whereupon the chemicals exploded, damaging appellee's right eye and causing blindness in that eye. It was further stipulated that appellant's liability, if any, would be for the sum of $8,500. Also stipulated was the testimony of several doctors to the effect that if appellee would submit to a corneal transplant he would have a 75 percent to 90 percent chance of recovering his eyesight.

Appellee refused to submit to the operation, and appellant denied liability. Appellant based its refusal of liability on a provision in the policy that reads: "Loss shall mean . . . with regard to eyes, total and irrecoverable loss of sight." Appellant maintained it was not liable to appellee because his loss of sight, though total, is not irrecoverable due to the fact his chance for sight restoration is good if he consents to surgery.

The case was tried December 1, 1975 resulting in the trial court's holding:

". . . at this time and based on these facts, this plaintiff has an irrecoverable loss of sight as contemplated by the terms of the policy. The Court is of the opinion that if the writer of this policy, the defendant, had meant that irrecoverable loss of sight meant that plaintiff be compelled to undergo an operation, in this instance a corneal transplant, to determine if there was any type of substitute sight that could be obtained, then that term could easily have been written into the contract. The Court is of the opinion that this plaintiff under the stipulated facts has sustained a loss irrecoverable and is entitled to judgment of $18,500 as sought."

The trial court awarded interest on the $8,500 judgment at the rate of six (6) percent per annum from August 20, 1973, i. e., the date of the injury, and interest from date of judgment at ten (10) percent per annum until paid. Appellant takes exception to these awards and has perfected this appeal.

Appellant argues under two assignments of error, the first of which reads as follows:

"Defendant contends that the evidence in the case as presented to the trial court does not establish, either as a matter of law or of fact, that the plaintiff's loss of sight is irrecoverable under the terms of the policy of insurance sued upon."

Appellant's brief cites numerous sister state cases involving the definition of the words "irrecoverable," and "permanent," as well as cases involving minor surgeries which lend some support to its position appellee's loss of sight is not "irrecoverable."

■ Appellee, on the other hand, points to cases involving general rules, most notably the well-defined principle that an instrument will be construed against its writer. Appellee also notes cases involving definition of terms and further cites several tort cases which hold an injured plaintiff is not obliged to undergo a major operation to mitigate damages.

■ There is some merit to both parties' arguments. However, Oklahoma has never specifically ruled on the question of whether an insured must submit to an operation in a case of this nature.

Appellee argues he is not required to undergo an operation, therefore appellant is liable. Appellant's argument is somewhat misleading in that it first contends surgery is required before benefits can be claimed, and then argues that under the terms of the policy sight loss must be "irrecoverable," and appellant's loss is not "irrecoverable" because he might be cured by an operation; therefore appellant cannot recover under the terms of the policy. Appellant's circular reasoning still boils down to the central issue: Does appellee have to submit to an operation for a corneal transplant and risk failure of the operation in order to recover under the policy? We believe appellee should not be forced to do so.

■ It is clearly the law in Oklahoma in the area of tort litigation as well as in workmen's compensation litigation that an injured party is not required to undergo major surgery to recover benefits. The supreme court in *Jones v. Eppler*, Okl., 266 P.2d 451 (1954), in laying the precedent for tort cases, said:

"While we have never had occasion to apply this rule in negligent personal injury cases, we have held that the State Industrial Commission is without jurisdiction to order the injured employee to submit to a major operation involving the risk of life however slight, merely in order that the pecuniary obligations created by law in his favor against his employer may be minimized."

See also *Kerr–McGee Corp. v. State Indus. Ct.*, Okl., 474 P.2d 411 (1970); *Nashert v. McCann*, Okl., 460 P.2d 941 (1969); *Transcon Lines v. Brotherton*, Okl., 438 P.2d 935 (1968); *E. L. Mendenhall Co. v. Kell*, Okl., 359 P.2d 234 (1961); *Steelman v. Justice*, 204 Okl. 117, 227 P.2d 647 (1951); *Perry v. Rialto Min. Corp.*, 201 Okl. 584, 208 P.2d 171 (1949); *City of Tulsa Water Dept. v. Barnes*, 170 Okl. 601, 41 P.2d 809 (1935). We can see no reason nor has any been brought to our attention as to why an in-

jured party should be forced to consent to an operation to recover on a contract of insurance when he or she would not be required to do so in a tort case or a workmen's compensation case.[1]

■ In the present case, it is undisputed that appellee's loss of sight in his right eye without the corneal transplant will remain total and we therefore find it is also "irrecoverable" under the terms of the policy since appellee is not obligated to undergo the operation. To hold otherwise would require an injured person not only to incur risk of major surgery but also to pay for such operation or a portion thereof in what might be a useless enterprise with no guarantee of success.

■ Under appellant's next assignment of error it argues: "The Court erred in assessing interest from August 20, 1973, the date of Plaintiff's injury." Under this proposition appellant reasons interest cannot run except from the date of the judgment.

Appellee argues interest runs from the date of the injury, citing *Phoenix Ins. Co. v. Diffie*, Okl., 270 P.2d 634 (1954). In *Diffie*, a collision policy was involved and the insurance company was notified of the accident the very day it occurred, on August 15, 1948. The supreme court affirmed the allowance of interest from August 15, but offered no guide in determining whether the award of interest was fixed from the date of the collision or from the date of the notification.

Title 23 O.S.1971 § 22 reads:

"The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due *by the terms of the obligation*, with interest thereon." (emphasis ours)

The cases interpreting § 22 are in accord, and hold that interest becomes due when the principal amount is due under the terms of the policy. *Poteete v. MFA Mut. Ins.*

---

1. This should be true even though the contract of insurance required the injured party first to submit to an operation. However, the policy in the present case does not provide such a

clause. Thus under these facts it seems even clearer that appellee does not have to undergo surgery to recover.

*Co.*, Okl., 527 P.2d 18 (1974); *Phoenix Ins. Co. v. Diffie*, supra. In the present case the policy provides:

> "Upon receipt of due proof that the Employee, while insured thereunder, shall have sustained bodily injuries caused directly and exclusively by external, violent and purely accidental means, and, within ninety days after such injuries, and as a result, directly and independently of all other causes, of such injuries, shall have sustained any of the losses enumerated in the Schedule of Losses, the Society will . . . pay . . . an amount determined in accordance with said Schedule."

(Stipulated sum in the present case is $8,500.)

As stated previously appellee was injured on August 20, 1973. From a somewhat unclear record it appears that appellee's notice and/or proof of accidental dismemberment was given appellant around October 23, 1973. In that proof of loss is an attending physician's statement wherein the physician observed appellee's sight in the right eye to be 20/400, which is considered legally blind in Oklahoma. The physician also noted that appellee's "visual function [would] not stabilize for at least 6 months and there [would] undoubtedly be some loss."

As we interpret the policy appellant agrees to pay for any bodily loss listed in the schedule as a result of accidental means. Appellant would be liable for interest once it is liable for the principal amount. In the present case, appellee sustained an injury within the schedule and appellant was liable therefor upon receiving notice of the injury. Appellant, being liable for the principal sum upon receipt of notice from appellee would also be liable for interest on the principal sum from that date forward. We conclude the trial court erred in awarding interest to appellee from the date of the accident and find appellee is entitled to interest at six (6) percent from the date appellee notified appellant of his loss, which appellee maintains was October 31, 1973. (There is some evidence in the record that

the date of the notice could have been as early as October 23, 1973; however, if appellee is satisfied the date of notification was October 31, 1973 we will apply that date.)

Appellant requests oral argument in this cause on ground of "a novel question of general interest." Suffice it to say the foregoing discussion has adequately surveyed the issue before us, and the motion is hereby denied. The judgment appealed from is modified as to the date the prejudgment interest is to run; in all other respects it is affirmed.

BRIGHTMIRE, P. J., and NEPTUNE, J., concur.