## GRABLE v. CHILDERS, State Auditor.

No. 26401. March 24, 1936.

It is conceded that the answer and return of the defendant to the alternative writ correctly states the facts. In said answer and return defendant admits that the plaintiff was an employee of the state of Oklahoma; that she had earned $27 during the month of April, 1935, as an employee of the state of Oklahoma; that she had filed a claim for this amount and that the same had been allowed in full; that defendant had paid to plaintiff the sum of $20.75, and had delivered to the Commissioners of the School Land Office a warrant for $6.75, the balance due under said claim; that said payments were made in accordance with the provisions of chapter 188, Session Laws 1933. Defendant further alleged that plaintiff had previously procured a loan out of said school funds of the state of Oklahoma from the Commissioners of the Land Office, and was delinquent with respect to the interest and principal thereon; that notice had been served upon the plaintiff by registered mail.

On September 21, 1933, as required by section 3 of said chapter 188, supra, thereunder, plaintiff was directed to show legal cause, if any she had, why 25 per cent. of her future salary warrants should not be applied as they accrued upon her delinquent account with the Commissioners of the Land Office. That plaintiff neglected to make any showing to this effect, and that an order was thereupon entered by the defendant, as provided by said act, to the effect that thereafter 25 per cent. of plaintiff's salary should be applied, beginning with the month of October, 1933, to the extinguishment of plaintiff's delinquency as aforesaid. Defendant further alleged that plaintiff had an adequate remedy at law by reason of the provisions of chapter 188. supra, and asked that the peremptory writ be denied. Demurrer of the plaintiff to said answer and return was overruled, and plaintiff elected to stand on her petition. The writ of mandamus was denied and the plaintiff now appeals. The parties occupy the same position in this court as they did in the trial court and will hereinafter be referred to as plaintiff and defendant. The sole question presented for our determination is the constitutionality of chapter 188, Session Laws 1933, which, omitting the title, reads as follows:

"Section 1. In transactions where state officers and/or state employees are delinquent on obligations arising out of a loan of trust funds under the control and management of the Commissioner of the Land Office, the Commissioners of the Land Office

S. P. Freeling, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

PER CURIAM. This action was instituted in the district court of Oklahoma county by Mrs. Wilma Grable, as plaintiff, against C. C. Childers, State Auditor, as defendant, applying for a peremptory writ of mandamus to compel said defendant to issue and deliver to said plaintiff a state warrant in full of her salary as a state employee.

shall, without first exhausting their remedy against mortgaged security, be entitled to proceed to require the State Auditor or other salary warrant issuing officer of the state, to issue them warrants in an amount not greater than twenty-five per centum of the monthly salary, as said salary accrues, of any state officer or state employee who is in arrears with his interest or other obligation to the Commissioners of the Land Office, arising out of a loan of trust funds under the control and management of the Commissioners of the Land Office; the procedure to require such payment shall be as follows, to wit:

"(a) Upon resolution adopted by the Commissioners of the Land Office, the Secretary to, the Commissioners of the Land Office shall file an affidavit with the State Auditor or other salary warrant issuing officer of the state, showing the amount of delinquent interest, the length of time said interest has been delinquent, or any other delinquency and the length of time any such other delinquency has been in arrears, on any obligation due from any state officer or state employee to the Commissioners of the Land Office arising out of a loan of trust funds under the control and management of the Commissioners of the Land Office.

"(b) Upon the filing of the affidavit required under subdivision (a) of section 1 of this act, the State Auditor, or other salary warrant issuing officer of the state, shall cause a notice to be served by registered mail upon the state officer or state employee who is affected by the affidavit of the Secretary to the Commissioners of the Land Office, and shall state in said notice that if the delinquent interest, or other delinquency arising out of a loan of trust funds under the control and management of the Commissioners of the Land Office, is not paid before the first day of the month following service of such notice that twenty-five per centum of all his or her future monthly salary warrants shall be issued to the Commissioners of the Land Office and credited by the Commissioners of the Land Office upon the account of such defaulting state officer or state employee, until such delinquent interest or other delinquency is satisfied in full.

"Section 2. The notice by registered mail required under section 1 of this act shall be served not less than ten (10) days before the first day of the month following such service.

"Section 3. Any state officer or state employee who is affected by the affidavit filed by the Secretary to the Commissioners of the Land Office, shall have the right to show any legal cause to the State Auditor, or other salary warrant issuing officer, as to why twenty-five per centum of all his future monthly salary warrants should not,

as they accrue, be applied to the payment or satisfaction of his delinquent interest account or other delinquency due from him or her to the Commissioners of the Land Office, on any obligation arising out of a loan of trust funds under the control and management of the Commissioners of the Land Office, until such time when said delinquent interest or other delinquency is satisfied in full, provided that no exemptions of any nature shall be a defense against payment to the Commissioners of the Land Office.

"Section 4. The State Auditor, or other salary warrant issuing officer of the state, shall, on or before the first day of the month following the registered mail notice required under section 1 of this act, either make an order requiring the payment of twenty-five per centum of the salary, as said salary accrues, of any state officer or state employee to the delinquent interest account or other delinquency owing from such state officer or state employee on any obligation arising out of a loan of trust funds under the control and management of the Commissioners of the Land Office, or shall make an order showing legal cause as to why such payment cannot or should not be made.

"Section 5. Upon the filing with the State Auditor or other salary warrant issuing officer, of a bond equal in amount to the delinquency shown by the affidavit of the Secretary to the Commissioners of the Land Office, to be due from any state officer or state employee who is affected by this act, an appeal shall lie in favor of any party who is aggrieved by the order made by the State Auditor or other salary warrant issuing officer of the state, to the district court of the county in which the mortgage securing the obligation of such state officer or state employee is recorded."

It is the contention of the plaintiff that said act constitutes local and special legislation and as such conflicts with sections 46 and 59, art. 5, Constitution of this state. Section 59, art. 5, supra, provides as follows:

"Laws of a general nature shall have a uniform operation throughout the state, and where a general law can be made applicable, no special law shall be enacted."

And by section 46, art. 5, supra, it is provided:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing: * * * Regulating the practice or jurisdiction of, or changing the rules of evidence in judicial proceedings or inquiry before the courts, justices of the peace, sheriffs, commissioners, arbitrators, or other tribunals, or providing or changing the methods for the collection of debts, or the enforce-

ment of judgments or prescribing the effect of judicial sales of real estate. * * *"

In the case of City of Sapulpa v. Land, 101 Okla. 22, 223 P. 640, we said:

"Laws of a general nature do not necessarily have to operate upon every locality in the state, but must apply equally to all classes similarly situated and apply to like conditions and subjects. Anderson v. Rittenbusch, 22 Okla. 761, 98 P. 1002. The test is that a statute relating to persons or things as a class is a general law, but one relating to particular persons or things of a class is special. Gay v. Thomas, 5 Okla. 1, 46 P. 578; Patterson v. Rousney, 58 Okla. 185, 159 P. 636.' "

And as said in Bishop v. Tulsa, 21 Okla. Cr. 457, 209 P. 228, 27 A. L. R. 1008:

"It is well settled that a statute which applies to all persons or things of a designated class uniformly throughout the state, omitting no person or thing belonging under that classification, is a general law within the meaning of the Constitution. Ex parte Anderson, 33 Okla. 216, 124 P. 980; 26 R. C. L. 813-818."

Measured by the rule announced in the above cases, it is apparent that said chapter 188, Session Laws 1933, is not restricted in its application in any manner, save and except as to the class of individuals therein named, and that as to all within the enumerated class it operated equally and uniformly throughout the state, and hence is a general law, and therefore does not violate said section 59, art. 5, of the Constitution. Is it a special law "providing or changing the methods for the collection of debts" within the provisions of section 46, art. 5, of the Constitution? In support of the contention that it is, we are cited by plaintiff to Bruch v. Colombet, 104 Cal. 347, 38 P. 45; Bloss v. Lewis, 109 Cal. 493, 41 P. 1081; and Bradford v. Cole, 95 Okla. 35, 217 P. 470. We have carefully examined and read the above-cited authorities, and are of the opinion that they fail to bear the interpretation which the plaintiff seeks to place upon them. In Bradford v. Cole, supra, an admittedly local law was involved, and it was there decided that the purpose of said law was to regulate the affairs of the particular school district affected, and hence violated the provisions of section 46, art. 5, of the Constitution. We do not consider this analogous to the situation presented in the case at bar, neither do we consider the California cases helpful in arriving at a correct conclusion herein.

The act which plaintiff assails and which we now have under consideration has for its purpose primarily the declaration of public policy as to state employees in connection with their obligations to trust funds under the control and management of the Commissioners of the Land Office, and the erection of additional safeguards in respect to said funds. The Legislature apparently deemed it inequitable to permit a state employee to be delinquent in respect to his obligations to the trust funds belonging to the common schools of this state and at the same time receive a salary out of the treasury of the state. The act therefore is to be treated rather as a method of preventing any such person becoming delinquent in respect to the obligations with said trust funds than as a method of collecting any debt due from them to the state. It thus declares a new public policy on the part of the state to the effect that its employees, in the absence of a legal excuse therefor, may not be permitted to be delinquent in their obligations to the trust funds of the state and at the same time draw salary from the state without applying a portion of such salary toward the extinguishment of such delinquency. This requirement accords with decency, good morals, and good citizenship, and obviates the reproach which was presented by individuals receiving moneys contributed by the taxpayers of the state and at the same time refusing to recognize their obligations and responsibilities to the trust funds of the state.

In Perry v. Carter, 173 Okla. 267, 48 P. (2d) 278, Mr. Chief Justice McNeill, speaking for this court, said:

"Legislative enactments are entitled to a liberal construction, and constitutional provisions should not be construed so as to place unreasonable restraint upon legislative power. Doubtful constructions of an act of the Legislature are to be resolved in favor of the law. Narrow distinctions cannot be considered and the courts will not declare a legislative act void except in case of clear conflict with the Constitution. Edmonds v. Town of Haskell [121 Okla. 18, 247 P. 15] supra."

See also, Protest of Downing, 164 Okla. 181, 23 P. (2d) 173; Munroe v. McNeill, 122 Okla. 297, 255 P. 150.

The validity of said legislation in so far as the same may affect those holding constitutional offices is not involved in this appeal, and we express no opinion with reference thereto.

Plaintiff further contends that said act deprives her of her property without due process of law, and thereby violates the Constitution of this state and the Consti-

tution of the United States. No authorities are cited in support of this contention. Section 7, art. 2, of the Constitution of Oklahoma provides:

"No person shall be deprived of life, liberty, or property without due process of law."

And section 1 of the Fourteenth Amendment to the Constitution reads in part as follows:

"Nor shall any state deprive any person of life, liberty, or property without due process of law."

It will be observed that said chapter 188, supra, requires notice to be given to any officer or employee who may be affected by the act, and affords an opportunity to be heard in respect thereto, and gives the right of appeal to the courts in the event the officer or employee is dissatisfied with the order made by the State Auditor. This, in our opinion, affords due process of law within the meaning of both section 7, art. 2, of the Constitution of this state and the Fourteenth Amendment to the Constitution of the United States. As said in Wilhite v. Cruce, 70 Okla. 70, 172 P. 962:

"By due process of law is meant the enforcement of right or prevention of wrong before a legally constituted tribunal having jurisdiction over the class of cases to which the one in question belongs, with notice to the party upon whom the law exhausts itself or upon whose property rights it operates, with an opportunity to appear and be heard in his own defense.

"The Commissioners of the Land Office have authority to exercise such ministerial and judicial functions respecting the state's school lands as may be conferred upon them by the Legislature, and the exercise of such powers is not a denial of 'due process of law' under either the Fourteenth Amendment to the federal Constitution or section 7, art. 2, of the state Constitution."

This action was one for mandamus, and the burden was on the plaintiff to establish a clear legal right to the relief sought and a corresponding duty on the part of the defendant to perform the required act before the writ could properly issue. State ex rel. Thomas v. Brenner, 171 Okla. 320, 42 P. (2d) 823. Since the answer and return of the defendant to the alternative writ constituted a complete legal defense to the petition of the plaintiff, and the plaintiff failed to establish a clear right to the relief sought, the writ of mandamus was properly denied.

Judgment affirmed.

McNEILL, C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.