OSCN Found Document:GRAHAM v. D & K OILFIELD SERVICES

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 GRAHAM v. D & K OILFIELD SERVICES
2017 OK 72
Case Number: 115898
Decided: 09/19/2017
As Corrected: September 20, 2017
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2017 OK 72, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 



RAY GRAHAM, Petitioner,
v.
D & K OILFIELD SERVICES, INC., COMPSOURCE MUTUAL INS. CO., and THE WORKERS' COMPENSATION COMMISSION, Respondents.

ON APPEAL FROM THE WORKERS' COMPENSATION COMMISSION

¶0 Workers' compensation claimant, who suffered a hernia and recurrent hernia due to work, requested a contested hearing on the constitutionality of the hernia provision of the Administrative Workers' Compensation Act, 85A O.S. Supp. 2013 § 61. An administrative law judge determined 85A O.S. Supp. 2013 § 61 to be constitutional. Claimant appealed. The Workers' Compensation Commission, sitting en banc, affirmed the determination of the administrative law judge. Claimant appealed, and the cause was retained by this court and made companion to another cause concerning the same statutory provision.

ORDER OF THE WORKERS' COMPENSATION COMMISSION
VACATED; CAUSE REVERSED IN PART AND REMANDED FOR
PROCEEDINGS CONSISTENT WITH THIS OPINION

Bob Burke, Oklahoma City, OK, for Petitioner.
Peter J. Mills, McCormick, Schoenenberger & Gish, Oklahoma City, Oklahoma, for Respondents D & K Oilfield Services, Inc. and Compsource Mutual Ins. Co.
John N. Hermes & Andrew J. Morris, McAfee & Taft, Oklahoma City, Oklahoma, for Amicus Curiae the State Chamber of Oklahoma.


COMBS, C.J.:
¶1 The question presented to this Court is whether 85A O.S. Supp. 2013 § 61 is unconstitutional because: 1) it violates the due process rights of claimants guaranteed by U.S. Const. amend. XIV, § 1 and Okla. Const. art. 2, § 7; 2) it is a special law prohibited by Okla. Const. art. 5, § 46; and 3) it fails to provide an adequate remedy for a recognized wrong, in violation of Okla. Const. art. 2, § 6. We answer in the negative. However, in light of this Court's opinion in Corbeil v. Emricks Van & Storage, 2017 OK 71, ___ P.3d ___, this cause is remanded for further proceedings consistent with this opinion and Corbeil, concerning the application of 85A O.S. Supp. 2013 § 61.
FACTS AND PROCEDURAL HISTORY
¶2 Petitioner Ray Graham (Graham) was employed by Respondent D & K Oilfield Services, Inc. (Employer) and sustained a left inguinal hernia while engaged in lifting heavy objects on February 22, 2016. Graham sought compensation under the Administrative Workers' Compensation Act, timely filing a CC-Form-3 on May 9, 2016. Graham also filed a Notice of Constitutional Issues and Brief in Support, challenging the constitutionality of 85A O.S. Supp. 2013 §§ 5 & 61.[1] Graham had surgery to repair the hernia, however, he continued to have complaints and in July of 2016 he was diagnosed with a recurrent hernia, requiring a second surgery.
¶3 Employer admitted Graham sustained a compensable hernia injury, paid all reasonable and necessary medical benefits, and paid Graham six weeks of temporary total disability.[2] On November 15, 2016, Employer filed its brief in opposition to Graham's constitutional challenge to 85A O.S. Supp. 2013 § 61. On November 23, 2016, Graham requested a contested hearing seeking additional benefits based on the argument that 85A O.S. Supp. 2013 § 61 is unconstitutional. Graham sought a finding of a longer period of temporary total disability from February 26, 2016, to September 6, 2016 (minus a deduction for the six weeks already paid), as well as a finding of permanent partial disability.
¶4 An Administrative Law Judge (ALJ) held a hearing concerning this matter on January 19, 2017. The ALJ accepted the parties' stipulations concerning the Commission's jurisdiction, Graham's employment status, the compensability of the injury, the reasonableness of medical treatment, and the six weeks of temporary total disability already paid by Employer. At the hearing, the parties noted that Graham had surgery for the hernia injury twice, first to repair it, and then a second time in August of 2016 after being diagnosed with a recurrent hernia. At the time of the hearing, Graham had been released by his treating physician at maximum medical improvement.
¶5 At the hearing, Graham argued the unconstitutionality of 85A O.S. Supp. 2013 § 61 as grounds for a finding he was entitled to greater benefits than those permitted by that statute. When called as a witness, Graham testified he continues to suffer pain at the hernia location despite having been released at maximum medical improvement. He further testified that he did not work from February 26, 2016, until September 6, 2016, resulting in substantial lost income.
¶6 The ALJ filed an Order Determining Compensability and Awarding Hernia Benefits on January 19, 2017. The ALJ determined that Employer provided all reasonable and necessary medical treatment for Graham's hernia injury, including the two surgeries. The ALJ further determined that 85A O.S. Supp. 2013 § 61 is applicable to this cause and is constitutional as applied to Graham. The ALJ further determined that pursuant to 85A O.S. Supp. 2013 § 61, Graham was not entitled to any further benefits beyond those already received, noting:
The Legislature in its prerogative has provided a specific benefit schedule for all compensable hernia injuries. Under our current statute, any claimant who suffers a compensable hernia is entitled to receive all reasonable and necessary medical treatment and the equivalent of six (6) weeks of temporary total disability as a hernia benefit. Absent a second hernia, or a consequential injury, there is no provision for additional compensation. The Legislature did not provide for an award of permanent partial disability for any case involving a single hernia, which has actually been the law for a long time.
Because the claimant presents only a case of a single hernia, for which he has received the statutory mandated benefits of medical treatment and 6 weeks of temporary total disability, I conclude he is not entitled to any additional compensation.
Order Determining Compensability and Awarding Hernia Benefits, r. 55.
¶7 On January 23, 2017, Graham appealed to the Commission en banc, once more asserting the unconstitutionality of 85A O.S. Supp. 2013 § 61. The Commission held a hearing concerning the appeal on May 10, 2017. On March 21, 2017, the Commission filed an order affirming the decision of the ALJ on the grounds that it was supported by a preponderance of the credible evidence and correctly applied the law and, therefore, was neither against the clear weight of the evidence nor contrary to law.
¶8 Graham filed a petition for review and a motion to retain with this Court on March 27, 2017, continuing to assert the unconstitutionality of 85A O.S. Supp. 2013 § 61. The Court retained this appeal on April 25, 2017.[3] The matter was assigned to this office on April 27, 2017.
II.
STANDARD OF REVIEW
¶9 The law in effect at the time of the injury controls both the award of benefits and the appellate standard of review where workers' compensation is concerned. Brown v. Claims Mgmt. Resources, Inc., 2017 OK 13, ¶9, 391 P.3d 111; Holliman v. Twister Drilling Co., 2016 OK 82, ¶5, 377 P.3d 133. Graham's injury occurred on February 22, 2016. As Graham's injury occurred after the effective date of the Administrative Workers' Compensation Act (AWCA), 85A O.S. Supp. 2013 §§ 1-125, appellate review is governed by 85A O.S. Supp. 2013 § 78, which provides in pertinent part:
C. The judgment, decision or award of the Commission shall be final and conclusive on all questions within its jurisdiction between the parties unless an action is commenced in the Supreme Court of this state to review the judgment, decision or award within twenty (20) days of being sent to the parties. Any judgment, decision or award made by an administrative law judge shall be stayed until all appeal rights have been waived or exhausted. The Supreme Court may modify, reverse, remand for rehearing, or set aside the judgment or award only if it was:
1. In violation of constitutional provisions;
2. In excess of the statutory authority or jurisdiction of the Commission;
3. Made on unlawful procedure;
4. Affected by other error of law;
5. Clearly erroneous in view of the reliable, material, probative and substantial competent evidence;
6. Arbitrary or capricious;
7. Procured by fraud; or
8. Missing findings of fact on issues essential to the decision.
¶10 The issue of a statute's constitutional validity is a question of law subject to de novo review. Brown, 2017 OK 13, ¶10; Lee v. Bueno, 2016 OK 97, ¶6, 381 P.3d 736; Butler v. Jones ex rel., State ex rel., Okla. Dep't of Corrections, 2013 OK 105, ¶5, 321 P.3d 161. Under that standard, this Court assumes plenary, independent, and non-deferential authority to reexamine the lower tribunal's legal rulings. Brown, 2017 OK 13, ¶10; Lee, 2016 OK 97, ¶6; Crownover v. Keel, 2015 OK 35, ¶12, 357 P.3d 470.
¶11 There is a strong presumption which favors legislative enactments. Jacobs Ranch, L.L.C. v. Smith, 2006 OK 34, ¶18, 148 P.3d 842; Barnes v. Barnes, 2005 OK 1, ¶5, 107 P.3d 560; Nelson v. Nelson, 1998 OK 10, ¶12, 954 P.2d 1219. The presumed constitutionality of a legislative enactment is rebutted only when the enactment is prohibited by either the Oklahoma Constitution or federal law. Torres v. Seaboard Foods, LLC, 2016 OK 20, ¶17, 373 P.3d 1057. The party seeking a statute's invalidation as unconstitutional has the burden to show the statute is clearly, palpably, and plainly inconsistent with the Oklahoma Constitution. Lafalier v. Lead-Impacted Communities Relocation Assistance Trust, 2010 OK 48, ¶15, 237 P.3d 181; EOG Resources Marketing, Inc. v. Okla. State Bd. of Equalization, 2008 OK 95, ¶13, 196 P.3d 511.
III.
ANALYSIS
¶12 At issue in this cause is the constitutionality of a provision of the AWCA concerning compensability and benefits for hernias. The challenged provision, 85A O.S. Supp. 2013 § 61, provides:
A. A hernia is not a compensable injury unless the injured employee can prove by a preponderance of the evidence that it meets the definition of "compensable injury" under this act and:

1. The occurrence of the hernia followed as the result of sudden effort, severe strain, or the application of force directly to the abdominal wall;
2. There was severe pain in the hernial region;
3. The pain caused the employee's work to be substantially affected;
4. Notice of the occurrence was given to the employer within five (5) days thereafter; and
5. The physical distress following the occurrence of the hernia was such as to require the attendance of a licensed physician.
B. 1. Notwithstanding the provisions of Section 45 of this act, if it is determined that a hernia is a compensable injury under subsection A of this section, the injured employee shall be entitled to temporary total disability for six (6) weeks.
2. If the injured employee refuses to permit the hernia operation if recommended by a physician, he or she shall be entitled to temporary total disability for thirteen (13) weeks in addition to appropriate medical care.
C. If the injured employee dies within one (1) year as a direct and sole result of the hernia or a radical operation of the hernia, the deceased employee's dependents shall be entitled to death compensation under Section 48 of this act.
A. Title 85A O.S. Supp. 2013 § 61 does not deny claimants due process in
violation of Okla. Const. art. 2, § 7 and U.S. Const. amend. XIV, § 1. 
¶13 Graham asserts 85A O.S. Supp. 2013 § 61 is unconstitutional because it denies him basic due process in violation of Okla. Const. art. 2, § 7[4] and the Fourteenth Amendment to the United States Constitution.[5] Specifically, Graham argues that the six-week limit on temporary total disability (TTD) benefits for hernias is arbitrary in that it is not rationally related to a legitimate state interest.
¶14 Generally, Okla. Const. art. 2, § 7 is coextensive with and protects at a minimum those rights which are also protected by the due process clause of the Fourteenth Amendment to the United States Constitution. Torres v. Seaboard Foods, LLC, 2016 OK 20, ¶23, 373 P.3d 1057; Presley v. Bd. of County Comm'rs of Okla. County, 1999 OK 45, ¶6, 981 P.2d 309. Application of these provisions to determine whether the state has exceeded the constitutional limitations on its police power in the realm of economic legislation requires an analysis and adjudication on whether a legitimate state interest exists and whether it is rationally related to the legislations challenged as arbitrary. Torres, 2016 OK 20, ¶¶27-28. See Jacobs Ranch, L.L.C. v. Smith, 2006 OK 34, ¶52, 148 P.3d 842; Suntide Inn Operating Corp. v. State, 1977 OK 204, ¶9, 571 P.2d 1207. This Court must determine:
(1) if there is a legitimate government interest (a) articulated in the legislation or (b) championed by the parties or (c) expressed by a recognized public policy in support of the legislation, and (2) if that interest is reasonably advanced by the legislation.
Torres, 2016 OK 20, ¶28.
¶15 Graham compares the six-week limit on TTD benefits for hernias to the 180-day limitation on cumulative trauma injuries this Court found to be unconstitutional in Torres v. Seaboard Foods, LLC, 2016 OK 20, 373 P.3d 1057. In Torres, this Court examined 85A O.S. Supp. 2013 § 2(14), which defines "cumulative trauma" in such a way as to require an injured employee to have completed at least 180 days of continuous active employment with the employer. The Court concluded this provision violated the due process provision of the Oklahoma Constitution because its over inclusive and under inclusive classifications were not rationally related to the State's articulated legitimate interests of preventing workers' compensation fraud and decreasing employers costs. Torres, 2016 OK 20, ¶54.
¶16 Much as this Court accepted the legitimate state interests raised by the Respondent in Torres, we accept those articulated by Employer in this matter. See Torres, 2016 OK 20, ¶30.[6] Employer contends the legitimate interest served by 85A O.S. Supp. 2013 § 61 is that of providing reasonable support to injured workers during a period of forced idleness, balanced against the AWCA's policy goals of protecting employers from excessive judgments and providing more limited and certain levels of monetary exposure.
¶17 In light of those legitimate goals, the question becomes whether the six-week limitation on TTD is rationally related to these purposes. Graham argues that the six-week limitation is the same kind of arbitrary limitation this court overturned in Torres, and is essentially pulled from thin air. In reference to himself, Graham argues that he was off work for a much longer period of time due to the hernia recurrence, and suffered personal economic loss.
¶18 However, this cause is distinguishable from Torres. The 180-day limitation on cumulative trauma claims at issue in that cause operated to completely bar a class of claimants from recovery of benefits, without any rational basis for the distinction with regards to serving a stated goal of reducing fraud. See Torres, 2016 OK 20, ¶¶42-48.[7] The class distinction in this cause is not based on an arbitrary length of employment, as was the case in Torres, but rather is drawn based on injury type: employees with a hernia injury. Title 85A O.S. Supp. 2013 § 61 sets a separate limitation on TTD benefits for hernias that differs from the general TTD schedule found in 85A O.S. Supp. 2013 § 45.[8] The rate for TTD benefits is the same for those suffering a hernia and those suffering other injuries: 70% of the state's average weekly wage. The primary difference is much shorter window allowed for TTD benefits in hernia injuries as opposed to other compensable injuries, and unlike the division of cumulative trauma injuries at issue in Torres, all compensable hernia injuries are treated equally by 85A O.S. Supp. 2013 § 61 with regard to benefits.
¶19 The six-week period for TTD benefits chosen by the Legislature aligns with the higher end of the expected recovery time for hernias and the return to work scale. Respondent's Brief in Opposition to Claimant's Constitutional Challenge to Hernia Benefits, Ex. 1, Record on Appeal, pp. 36-48. Further, specific week-based limits on TTD for hernia injuries have been a part of the Oklahoma workers' compensation scheme nearly since its inception in the early twentieth century.[9] In fact, 85A O.S. Supp. 2013 § 61 contains the same six-week TTD limitation as the prior workers' compensation provision, 85 O.S. 2011 § 333(E) (repealed by SB 1062, Laws 2013, c. 208, § 171, effective February 1, 2014).[10] The primary difference concerning TTD is the removal of the option for an up-to-six-week extension of TTD benefits if necessary after surgery.
¶20 Graham's argument is similar to one this Court considered Rivas v. Parkland Manor, 2000 OK 68, 12 P.3d 452 (recognized as superseded by statute on other grounds in Evans v. Associates Utility Services v. Espinosa, 2011 OK 81, 264 P.3d 1190). In Rivas, this Court considered and rejected the idea that limitations on workers' compensation benefits are unconstitutional simply because the benefits may be inadequate for the disability caused by the injury, because it is not this Court's role to question the wisdom or policy of legislation. Specifically, we noted:
While the ... award provided ... may seem inadequate for the disability caused by [the] injury, the Court cannot interfere "with the wisdom or policy of the legislation[.]" Adams, 162 P. at 946. "[O]ur inquiry [is] limited to the one of power upon the part of the Legislature to enact such legislation; and, when the existence of this power is determined, the question of details is within the province of the Legislature." Id. If the amount of recovery "is too small the people have the power, either through their elected officials or by their right of initiative petition, to increase it[.]" Hughes Drilling Co. v. Crawford, 1985 OK 16, 697 P.2d 525, 530.
Rivas, 2000 OK 68, ¶15, 12 P.3d 452.
Though the Court in Rivas was concerned with limitations on the amount of Permanent Partial Disability found in the old Workers' Compensation Act, the underlying constitutional principles governing the Legislature's power remain the same:
The formulation of the particular elements and details of the Workers' Compensation Act clearly falls within the legislature's province. Okla. Const. Art. 5, § 36; Adams, 162 P. at 942. The legislature can limit the amount of PPD an injured worker receives. It is within the legislature's authority to set that limit at 100%.
2000 OK 68, ¶19, 12 P.3d 452.
¶21 Limitations on the specific amounts of benefits to be received for a particular injury are well within the Legislature's power and in the case of 85A O.S. Supp. 2013 § 61 are rationally related to the expressed legitimate state interests. Unlike in Torres, 85A O.S. Supp. 2013 § 61 does not create an arbitrary overinclusive and underinclusive class by dividing up individuals with the same category of injury based on an unrelated factor. All individuals suffering hernias are treated the same when it comes to maximum benefits, and are only treated differently from other injured employees due to having suffered a different form of injury. 85A O.S. Supp. 2013 § 61 does not violate the due process guarantees of Okla. Const. art. 2, § 7 and the Fourteenth Amendment to the United States Constitution.
B. Title 85A O.S. Supp. 2013 § 61 is not an unconstitutional
special law.
¶22 Graham also argues 85A O.S. Supp. 2013 § 61 is unconstitutional because it is a special law prohibited by Okla. Const. art 5, § 46, due to its disparate treatment of members of the same class with no reasonable basis. Okla. Const. art. 5, § 46 prohibits the enactment of special laws on certain subjects.[11] However, legislation setting the benefits for injuries in the realm of workers' compensation is not one of those subjects. For 85A O.S. Supp. 2013 § 61 to be an unconstitutional special law, it would have to violate the provisions of Okla. Const. art. 5, § 59.[12] See Vasquez v. Dillard's, Inc., 2016 OK 89, 381 P.3d 768 (determining opt out provisions of the AWCA to be an unconstitutional special law in violation of Okla. Const. art. 5, § 59); Maxwell v. Sprint PCS, 2016 OK 41, 369 P.3d 1079 (determining deferral of permanent partial disability benefits to a subclass of injured workers to be an unconstitutional special law in violation of Okla. Const. art. 5, § 59).
¶23 Okla. Const. art 5, § 59 generally allows the legislature to pass special laws when a general law is not applicable, Reynolds v. Porter, 1988 OK 88, ¶13, 760 P.2d 816, and statutes facing an Okla. Const. art. 5, § 59 challenge are examined pursuant to a three-part test to determine if they pass constitutional muster. Vasquez, 2016 OK 89, ¶11; Reynolds, 1988 OK 88, ¶13. The Court must determine: 1) if the challenged law is special or general; 2) if the law is special in nature, whether a general law applies; and 3) if a general law is not applicable, whether the statute is a permissible special law. Vasquez, 2016 OK 89, ¶11; Reynolds, 1988 OK 88, ¶13.
¶24 The first prong requires a determination on whether the law in question is special or general. Vasquez, 2016 OK 89, ¶11; Reynolds, 1988 OK 88, ¶13. A general law relates to persons or things as a class rather than relating to particular persons or things. City of Enid v. Public Employees Relations Bd., 2006 OK 16, ¶8, 133 P.3d 281; Grant v. Goodyear Tire & Rubber Co., 2000 OK 41, ¶5, 5 P.3d 594; Reynolds, 1988 OK 88, ¶14. General laws need not operate upon every locality in the state, but must apply equally to all classes similarly situated, and apply to like conditions and subjects. City of Enid, 2006 OK 16, ¶8; Grable v. Childers, 1936 OK 273, ¶6, 56 P.2d 357. A special law, on the other hand, relates to a part of the entire class of similarly affected persons and separates that part for different treatment. Vasquez, 2016 OK 89, ¶12; City of Enid, 2006 OK 16, ¶8; Grant, 2000 OK 14, ¶5.
¶25 In order to determine if a law is special or general, the first prong requires us to identify the class affected by the law. Vasquez, 2016 OK 89, ¶12; Reynolds, 1988 OK 88, ¶14. The overarching class covered by the AWCA is injured employees. Vasquez, 2016 OK 89, ¶18 n.15. Title 85A O.S. Supp. 2013 § 61 deals with a smaller class, those injured employees with hernia injuries. Recently, this Court determined that a provision of the AWCA that provides disparate treatment to injured employees with different types of injuries is a special law. See Maxwell v. Sprint PCS, 2016 OK 41, ¶¶28-30, 369 P.3d 1079. In Maxwell, this Court determined that application of the deferral provisions of the AWCA to some types of injuries and not others, such as those to scheduled members, constituted a special law. 2016 OK 41, ¶¶28-30. Similarly, 85A O.S. Supp. 2013 § 61 alters the benefits for one type of injury, hernias, but not others within the class of injured employees, and is therefore a special law.
¶26 However, our inquiry does not end there. The Court must also determine if a general law is applicable and if it is not, whether the statute is a permissible special law. The more general law in this instance would be 85A O.S. Supp. 2013 § 45, which provides limitations on Temporary Total Disability benefits generally. There are valid reasons why specific injuries are susceptible to differential treatment under the AWCA, in lieu of a general statute, including the impact of the injury, treatment and healing time, and other factors that necessitate differentiation within the AWCA. For example, setting differing compensation amounts based on types of injury is the core purpose of the permanent partial disability schedule found at 85A O.S. Supp. 2013 § 46.
¶27 Under the third prong, the court must determine if the special legislation is reasonably and substantially related to a valid legislative objective. Reynolds, 1988 OK 88, ¶16. Title 85A O.S. Supp. 2013 § 61 meets this standard for the reasons discussed in detail in Section III(A) of this opinion, supra. Further, the treatment of hernias in 85A O.S. Supp. 2013 § 61 as opposed to other types of injuries contrasts sharply with other classifications in the AWCA this Court has recently found to be unconstitutional. For example, in Torres, the problem with 85A O.S. Supp. 2013 §2(14) was that it divided up injured employees suffering the same type of injury-cumulative trauma-and treated them in a disparate manner with no rational basis. 2016 OK 20, ¶16. In Vasquez, this Court determined that the opt-out provisions of 85A O.S. Supp. 2013 §§201-213 constituted a special law because they provided an entirely separate procedure for claims made by injured employees on a basis having nothing to do with the type of injury suffered. See 2016 OK 89, ¶¶15-23. Though 85A O.S. Supp. 2013 § 61 provides different benefits to those injured employees suffering hernia injuries, as opposed to some other type of injury, it is not an impermissible special law in violation of Okla. Const. art. 5, § 59.
C. Title 85A O.S. Supp. 2013 § 61 does not deny claimants an adequate
remedy in violation of Okla. Const. art. 2, § 6.
¶28 Graham also asserts that because 85A O.S. Supp. 2013 § 61 caps the amount of TTD benefits for hernia injuries at six weeks, it denies him an adequate remedy in violation of Okla. Const. art. 2, § 6.[13] Graham cites no authority as to why this is so, beyond a general citation to Marbury v. Madison, 5 U.S. 137 (1803) noting that the laws must furnish a remedy for the violation of a vested right. Prior decisions of this Court, however, do not support Graham's assertions.
¶29 Early in the twentieth century, this Court established that Okla. Const. art. 2, § 6 was meant to serve as a limitation on the judiciary. Adams v. Iten Biscuit Co., 1917 OK 47, 162 P. 938. Specifically, the Adams Court explained:
That this was a mandate to the judiciary and was not intended as a limitation upon the legislative branch of the government seems clear. Neither do we think it was intended to preserve a particular remedy for given causes of action in any certain court of the state, nor was it intended to deprive the Legislature of the power to abolish remedies for future accruing causes of action (where not otherwise specifically prohibited), or to create new remedies for other wrongs as in its wisdom it might determine.
Adams, 1917 OK 47, ¶6.
In applying that above interpretation, the Court rejected the argument that Okla. Const. art. 2, § 6 was somehow intended:
[T]o preserve a right of action in the courts of the state to persons for injuries that may happen in the future, and thereby prevent the Legislature from passing laws that abolish existing remedies for a cause of action recognized by the law at the time the Constitution was adopted, though the injury had not in fact occurred, nor the right of action vested prior to the passage of such law.
Adams, 1917 OK 47, ¶5.
¶30 Far more recently, this Court considered the application of Okla. Const. art. 2, § 6 to limitations on workers' compensation benefits in Rivas v. Parkland Manor, 2000 OK 68, 12 P.3d 452 (recognized as superseded by statute on other grounds in Evans & Associates Utility Services v. Espinosa, 2011 OK 81, 264 P.3d 1190). In Rivas, this Court considered whether Okla. Const. art. 2, § 6 limited the Legislature's power to set a limit on the total percentage of permanent partial disability a claimant could receive, and determined it did not. 2000 OK 68, ¶¶12-18. Specifically, the Court explained:
The formulation of the particular elements and details of the Workers' Compensation Act clearly falls within the legislature's province. Okla. Const. Art. 5, § 36; Adams, 162 P. at 942. The legislature can limit the amount of PPD an injured worker receives. It is within the legislature's authority to set that limit at 100%.
Rivas invokes the remedy guarantee to attack this substantive legislative policy choice. However, this Court has already determined Art. 2, § 6 was not "intended to preserve a particular remedy for given causes of action in any certain court of the state, nor was it intended to deprive the Legislature of the power to abolish remedies for future accruing causes of action ..., or to create new remedies for other wrongs as in its wisdom it might determine." Adams, 162 P. at 942. Accordingly, this Court cannot grant Rivas the relief he seeks under Art. 2, § 6, because the legislature is under no obligation to preserve a certain remedy for Rivas and the courts are, in turn, not able to provide a remedy where the legislature has not provided one.
21 The remedy clause does not constrain the legislature, but rather compels the judiciary to be open to all persons with actionable causes. In Oklahoma, Art. 2, § 6 does not provide an avenue for Rivas to attack the actions of the legislature. Because it is the legislature and not the judiciary that limited Rivas' PPD compensation, this proposition must fail.
¶31 The remedy provided to Graham by the AWCA included six TTD payments at 70% of the state's average weekly wage, as well as the payment of all Graham's medical bills associated with the injury. Graham's argument is not that 85A O.S. Supp. 2013 § 61 denies him any remedy for his recognized compensable hernia injury.[14] Rather, his argument is that the six-week cap on TTD benefits is an insufficient remedy for the actual harm he suffered. Amounts of benefits to be received for specific injuries is the prerogative of the Legislature, and such limitations do not implicate Okla. Const. art. 2, § 6 unless they attempt to change benefits after a right to those benefits has vested. See Rivas, 2000 OK 68, ¶¶12-18; Adams, 1917 OK 47, ¶5. Title 85A O.S. Supp. 2013 § 61 does not violate Okla. Const. art. 2, § 6 by capping benefits for hernia injuries. Graham has failed to meet the heavy burden required to demonstrate 85A O.S. Supp. 2013 § 61 violates provisions of the Oklahoma Constitution.
IV.
THE APPLICATION OF 85A O.S. SUPP. 2013 § 61
¶32 Issues remain, however, concerning the proper application of 85A O.S. Supp. 2013 § 61 to Graham. It is not disputed that after surgical repair of his hernia, Graham suffered a recurrent hernia and required further surgical repair. The parties stipulated to a recurrent hernia in the same location:
ALJ CURTIN: All right. Understanding the contested issues -- well, Mr. Burke, you are, as to a finding of fact or as to the facts in this case, you do stipulate and that the claimant, the nature of the claimant's injury is a hernia only. Is that correct?
MR. BURKE: Yes, Your Honor.
ALJ CURTIN: And it's only one hernia?
MR. BURKE: Yes. It is recurrent. But it's only one location.
Transcript of Proceedings of Hearing Held on December 20, 2016, in Oklahoma City, Oklahoma, before the Honorable T. Shane Curtin, Administrative Law Judge, p. 14:12-21.
¶33 Prior decisions of this Court made under previous iterations of the old Workers' Compensation Code have held a recurrent hernia to be a recurrence of the original injury, rather than a new hernia, unless it was caused by a second accident or an independent intervening cause. See Rialto Min. Co. v. Perry, 1948 OK 179, ¶¶10-12, 196 P.2d 687; Safeway Stores v. Brumley, 1942 OK 275, ¶2, 128 P.2d 1006.[15] This could work to the benefit of claimants, as the Workers Compensation Court was able to award Permanent Partial Disability on the basis of the return of the original injury, even if a claimant had switched employers and the original hernia injury had not resulted in permanent disability. See Safeway Stores, 1942 OK 275, ¶5. Here the record reveals Graham was injured February 26, 2016, and was not medically released until September 6, 2016. A period of 7 months for which under the legislative direction of the AWCA entitles him to only 6 weeks temporary disability pay at 70% of his average weekly wage. The economic impact to Graham is beyond severe and his recourse is beyond minimal.
¶34 In Corbeil v. Emricks Van & Storage, 2017 OK 71, ___ P.3d ___, this Court considered the interpretation and application of 85A O.S. Supp. 2013 § 61 to a claimant suffering from bilateral hernias. In that cause, we determined Legislative intent behind changes to the language governing hernias in 85A O.S. Supp. 2013 § 61 was to permit an upper limit of six weeks of TTD benefits for each distinct hernia suffered by a claimant, regardless of whether they were caused simultaneously by the same injury. Corbeil, 2017 OK 71, ¶24. Key to this Court's reasoning was the replacement of the language "an injury resulting in a hernia" with "a hernia". Corbeil, 2017 OK 71, ¶¶19-20. The former language had been part of the hernia provision of Oklahoma workers' compensation law since the early 20th century, see United Service Street Car Co. v. McCarter, 1924 OK 281, ¶10, and was a key component underlying the Court's reasoning in early recurrent hernia cases as well as the Court of Civil Appeals decision in Speer v. Petrolite Spec. Polymers Group, 1996 OK CIV APP 55, 918 P.2d 92, concerning bilateral hernias and discussed in Corbeil.[16]
¶35 This Court's decision in Corbeil supports the conclusion that the Legislature, through the language of 85A O.S. Supp. 2013 § 61, intended to allow up to six weeks of TTD benefits for each hernia, regardless of whether they were caused by the same accident. This cause, unlike Corbeil, concerns a recurrent hernia rather than bilateral hernias. However, also unlike Corbeil, Graham underwent two surgeries and two recovery periods due to the recurrence of the hernia over a span of 7 months. The fact that bilateral hernias are often repaired simultaneously with one surgery was a significant factor in Speer as to why only one period of TTD benefits was necessary. 1996 OK CIV APP 55, ¶13. Such does not appear to be the case here.
V.
CONCLUSION
¶36 Though Graham has failed to meet the heavy burden required to demonstrate the unconstitutionality of 85A O.S. Supp. 2013 § 61, given the issues discussed in Section IV of this Opinion, supra, this cause is remanded for a determination consistent with this opinion and Corbeil, 2017 OK 71, ___ P.3d ___, on whether Graham's recurrent hernia entitles him to an additional six-week TTD award pursuant to 85A O.S. Supp. 2013 § 61.

ORDER OF THE WORKERS' COMPENSATION COMMISSION
VACATED; CAUSE REVERSED IN PART AND REMANDED FOR
PROCEEDINGS CONSISTENT WITH THIS OPINION

ALL JUSTICES CONCUR

FOOTNOTES

[1] Graham's constitutional arguments before the Oklahoma Workers' Compensation Commission are similar to those raised in this appeal. Graham argues 85A O.S. Supp. 2013 § 61 is unconstitutional because it denies claimants due process; is a special law providing disparate treatment for members of the same class; and fails to provide access to the courts to seek an adequate remedy for the loss of a property right grounded in due process. It is Graham's adequate remedy argument that implicates 85A O.S. Supp. 2013 § 5, the exclusive remedy provision of the AWCA.

[2] Six weeks of temporary total disability is the maximum allowed pursuant to 85A O.S. Supp. 2013 § 61(B)(1).

[3] In response to a motion filed in Lyle S. Corbeil v. Emericks Van Storage et al., No. 115,672, this appeal was made a companion case with No. 115,672 on April 25, 2017.

[4] Okla. Const. art 2, § 7 provides:
§ 7. Due process of law.
No person shall be deprived of life, liberty, or property, without due process of law.

[5] U.S. Const. amend. XIV, § 1 provides:
All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

[6] In Torres, the Court explained that workers' compensation legislation is in general a proper subject for the state's police power:
There is little doubt that a state legislature may alter private contractual rights of employers and employees when it properly exercises its police power in creating a particular workers' compensation law, or that workers' compensation laws, by themselves, have been considered by courts as a legitimate State interest since the compensation laws were first created.
2016 OK 20, ¶30 (footnotes omitted).

[7] In doing so, the 180-days of employment limitation created a class that was both overinclusive and underinclusive:
When considering the articulated purpose of preventing workers' compensation fraud, a statute creating a class of employees who are injured, in fact, with a cumulative trauma injury during the first 180 days of employment with their then current employer, and then they are conclusively placed within a class of employees who file fraudulent claims, that statutory placement is overinclusive by lumping together the innocent with the guilty. On the other hand, if one of the purposes of workers' compensation is to provide statutory compensation for employees actually suffering an injury arising out of the course and scope of employment; then the statute is underinclusive because it fails to include employees actually injured during the first 180 days of employment.
Torres, 2016 OK 20, ¶42 (footnotes omitted).

[8] Title 85A O.S. Supp. 2013 § 45(A)(1) provides:
If the injured employee is temporarily unable to perform his or her job or any alternative work offered by the employer, he or she shall be entitled to receive compensation equal to seventy percent (70%) of the injured employee's average weekly wage, but not to exceed seventy percent (70%) of the state average weekly wage, for one hundred four (104) weeks. Provided, there shall be no payment for the first three (3) days of the initial period of temporary total disability. If an administrative law judge finds that a consequential injury has occurred and that additional time is needed to reach maximum medical improvement, temporary total disability may continue for a period of not more than an additional fifty-two (52) weeks. Such finding shall be based upon a showing of medical necessity by clear and convincing evidence.

[9] In Fiesta Pools of Okla. City v. Pratt, this Court explained:
As it was originally enacted in 1915, the 'Schedule of Compensation' of our statute (now Sec. 22) made no specific reference to hernia injuries. This section was divided generally into four subsections, each dealing with a different type of disability (permanent total, temporary total, permanent partial and temporary partial). In 1923, a 'hernia' paragraph was added to the third subsection (dealing with permanent partial disability). Under the 1923 statute, compensation was either for 8 weeks or for permanent total disability-there could be no 'in between' award. In 1941 the period was changed from 8 weeks to 14 weeks. In 1957 the hernia paragraph was again amended and the 14 weeks compensation for the first time was designated as 'temporary total compensation', although the paragraph was left in the subsection dealing with permanent partial disability. The 1957 amendment also made it possible for the State Industrial Court, under certain conditions not existing in this case, to make an award for permanent total disability, or for permanent partial disability under the 'other cases' paragraph of Sec. 22(3).
1965 OK 133, ¶24, 405 P.2d 1014.

[10] 85 O.S. 2011 § 333(E) provided in pertinent part:
Hernia: In case of an injury resulting in the first or second hernia in the same area of the body, there shall be no award of permanent partial impairment. Payment of benefits in such cases shall be limited to temporary total disability compensation for six (6) weeks, and all necessary medical costs including, but not limited to, the cost of surgery. A claimant who has had surgery for a hernia may petition the Workers' Compensation Court for one extension of temporary total disability compensation and the Court may order such an extension, not to exceed six (6) additional weeks, if the treating physician indicates such an extension is appropriate, or as agreed to by all parties. An award for temporary total disability or permanent partial impairment may be entered by the Court if an injury results in a third hernia, or more, in the same area of the body.

[11] Okla. Const. art. 5, § 46 provides:
§ 46. Local and special laws on certain subjects prohibited.
The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law authorizing:
The creation, extension, or impairing of liens;
Regulating the affairs of counties, cities, towns, wards, or school districts;
Changing the names of persons or places;
Authorizing the laying out, opening, altering, or maintaining of roads, highways, streets, or alleys;
Relating to ferries or bridges, or incorporating ferry or bridge companies, except for the erection of bridges crossing streams which form boundaries between this and any other state;
Vacating roads, town plats, streets, or alleys;
Relating to cemeteries, graveyards, or public grounds not owned by the State;
Authorizing the adoption or legitimation of children;
Locating or changing county seats;
Incorporating cities, towns, or villages, or changing their charters;
For the opening and conducting of elections, or fixing or changing the places of voting;
Granting divorces;
Creating offices, or prescribing the powers and duties of officers, in counties, cities, towns, election or school districts;
Changing the law of descent or succession;
Regulating the practice or jurisdiction of, or changing the rules of evidence in judicial proceedings or inquiry before the courts, justices of the peace, sheriffs, commissioners, arbitrators, or other tribunals, or providing or changing the methods for the collection of debts, or the enforcement of judgments or prescribing the effect of judicial sales of real estate;
Regulating the fees, or extending the powers and duties of aldermen, justices of the peace, or constables;
Regulating the management of public schools, the building or repairing of school houses, and the raising of money for such purposes;
Fixing the rate of interest;
Affecting the estates of minors, or persons under disability;
Remitting fines, penalties and forfeitures, and refunding moneys legally paid into the treasury;
Exempting property from taxation;
Declaring any named person of age;
Extending the time for the assessment or collection of taxes, or otherwise relieving any assessor or collector of taxes from due performance of his official duties, or his securities from liability;
Giving effect to informal or invalid wills or deeds;
Summoning or impaneling grand or petit juries;
For limitation of civil or criminal actions;
For incorporating railroads or other works of internal improvements;
Providing for change of venue in civil and criminal cases.

[12] Okla. Const. art. 5, § 59 provides:
§ 59. Uniform operation of general laws - Special laws when general law applicable.
Laws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted.

[13] Okla. Const. art. 2, § 6 provides:
§ 6. Courts of justice open - Remedies for wrongs - Sale, denial or delay.
The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice.

[14] Complete denial of any remedy whatsoever under the AWCA is a more complicated issue not present in this cause. See Torres v. Seaboard Foods, LLC, 2016 OK 20, ¶¶1-6, 373 P.3d 1057 (Colbert, J., with whom Watt, J., joined, concurring).

[15] Borrowing language from Louisiana, the Perry Court explained the meaning of "recurring hernia":
"A 'recurring hernia' at the same spot, as the word 'recurring' signifies, is a return of a former hernia, which, though temporarily arrested by the operation, was one of the small minority of cases in which a successful result did not follow a skillful operation."
Perry, 1948 OK 179, ¶11 (quoting Crawford v. Tampa Inter-Ocean S. S. Co., Inc., 150 So. 875, 876 (La. Ct. App. 1933).

[16] As noted in ¶33, supra, a recurrent hernia was not a new hernia within the context of the older statutes unless it was the result of a new injury or other intervening cause. See Perry, 1948 OK 179, ¶¶10-12; Safeway Stores, 1942 OK 275, ¶2. Similarly, the court in Speer held that bilateral hernias did not permit a double potential TTD award unless medical evidence supported the conclusion that the hernia were caused by separate and distinct work-related accidents. 1996 OK CIV APP 55, ¶14.




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1996 OK CIV APP 55, 918 P.2d 92, 67 OBJ 2004, Speer v. Petrolite Spec. Polymers Group
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1988 OK 88, 760 P.2d 816, 59 OBJ 1987, Reynolds v. Porter
Discussed at Length
 1998 OK 10, 954 P.2d 1219, 69 OBJ 452, NELSON v. NELSON
Discussed
 1948 OK 179, 196 P.2d 687, 200 Okla. 474, RIALTO MINING CO. v. PERRY
Discussed at Length
 1936 OK 273, 56 P.2d 357, 176 Okla. 360, GRABLE v. CHILDERS
Discussed
 1917 OK 47, 162 P. 938, 63 Okla. 52, ADAMS v. ITEN BISCUIT CO.
Discussed at Length
 1965 OK 133, 405 P.2d 1014, FIESTA POOLS OF OKLAHOMA CITY v. PRATT
Discussed
 2005 OK 1, 107 P.3d 560, BARNES v. BARNES
Discussed
 2006 OK 16, 133 P.3d 281, CITY OF ENID v. PUBLIC EMPLOYEES RELATIONS BOARD
Discussed at Length
 2006 OK 34, 148 P.3d 842, JACOBS RANCH, L.L.C. v. SMITH
Discussed at Length
 2008 OK 95, 196 P.3d 511, EOG RESOURCES MARKETING v. OKLAHOMA STATE BD. OF EQUALIZATION
Discussed
 1924 OK 281, 30 P.2d 456, 167 Okla. 433, UNITED SERV. ST. CAR CO. v. MCCARTER
Cited
 2010 OK 48, 237 P.3d 181, LAFALIER v. THE LEAD-IMPACTED COMMUNITIES RELOCATION ASSISTANCE TRUST
Discussed
 2011 OK 81, 264 P.3d 1190, EVANS & ASSOC. UTILITY SERVICES v. ESPINOSA
Discussed at Length
 2013 OK 105, 321 P.3d 161, BUTLER v. JONES ex rel. STATE ex rel. DEPT. OF CORRECTIONS
Discussed
 2015 OK 35, 357 P.3d 470, CROWNOVER v. KEEL
Discussed
 1977 OK 204, 571 P.2d 1207, SUNTIDE, ETC. v. STATE EX REL. OKL., ETC.
Discussed
 2016 OK 20, 373 P.3d 1057, TORRES v. SEABOARD FOODS, LLC
Discussed at Length
 2016 OK 41, 369 P.3d 1079, MAXWELL v. SPRINT PCS
Discussed at Length
 2016 OK 82, 377 P.3d 133, HOLLIMAN v. TWISTER DRILLING CO.
Discussed
 2016 OK 89, 381 P.3d 768, VASQUEZ v. DILLARD'S, INC.
Discussed at Length
 2016 OK 97, 381 P.3d 736, LEE v. BUENO
Discussed at Length
 2017 OK 13, 391 P.3d 111, BROWN v. CLAIMS MANAGEMENT RESOURCES INC.
Discussed at Length
 2017 OK 71, CORBEIL v. EMRICKS VAN & STORAGE
Discussed at Length
 2000 OK 14, 3 P.3d 702, 71 OBJ 702, Christensen v. Bush
Cited
 2000 OK 41, 5 P.3d 594, 71 OBJ 1292, Grant v. Goodyear Tire & Rubber Co.
Discussed
 1999 OK 45, 981 P.2d 309, 70 OBJ 1669, Presley v. Board of County Commissioners
Discussed
 2000 OK 68, 12 P.3d 452, 71 OBJ 2366, RIVAS v. PARKLAND MANOR
Discussed at Length
 1942 OK 275, 128 P.2d 1006, 191 Okla. 270, SAFEWAY STORES v. BRUMLEY
Discussed at Length
 1985 OK 16, 697 P.2d 525, Hughes Drilling Co. v. Crawford
Discussed
Title 85. Workers' Compensation
 Cite
Name
Level

 85 O.S. 333, Repealed
Cited
Title 85A. Workers' Compensation
 Cite
Name
Level

 85A O.S. 2, Definitions
Discussed
 85A O.S. 5, Exclusivity
Discussed
 85A O.S. 45, Compensation Rates - Temporary Total Disability - Temporary Partial Disability - Permanent Partial Disability - Permanent Total Disability - Vocational Rehabilitation - Disfigurement
Discussed at Length
 85A O.S. 46, Permanent Partial Disability Compensation - Amputation - Loss of Vision - Loss of Hearing
Cited
 85A O.S. 61, Hernia is Not a Compensable Injury
Discussed at Length
 85A O.S. 78, Workers' Compensation Commission - Appeal to Commission - Appeal to Supreme Court
Cited