HOUCK v. OKLAHOMA CITY PUBLIC SCHOOLS
2023 OK CIV APP 27
Case Number: 121080
Decided: 07/11/2023
Mandate Issued: 08/10/2023
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2023 OK CIV APP 27, __ P.3d __

 

STEVEN HOUCK, Petitioner,
v.
OKLAHOMA CITY PUBLIC SCHOOLS, and COMPSOURCE OKLAHOMA, Respondents.

PROCEEDING TO REVIEW AN ORDER
OF THE WORKERS' COMPENSATION COMMISSION

AFFIRMED

Daniel M. Davis, Oklahoma City, Oklahoma, for Petitioner,

Kristi Bynum Funck, LYTLE, SOULE & FELTY, P.C., Oklahoma City, Oklahoma, for Respondents.

TIMOTHY J. DOWNING, JUDGE:

¶1 Steven Houck (Claimant) seeks review of a Workers' Compensation Commission (Commission) Order affirming the decision of the Administrative Law Judge (ALJ). The ALJ denied Claimant's request for disfigurement benefits, finding that disfigurement benefits are not authorized by 85A O.S.Supp.2014, § 61

BACKGROUND

¶2 The facts are undisputed. On March 24, 2021, Claimant, an employee of Oklahoma City Public Schools (Employer), was injured lifting the hood of a school bus. Claimant sought medical treatment and was diagnosed with a hernia. Claimant filed a corrected Form 3 on July 29, 2021.85A O.S. § 61

¶3 On February 22, 2022, Claimant filed a Form 9 requesting a contested hearing on his request for disfigurement benefits. A hearing was held before the ALJ on May 23, 2022. The parties stipulated (1) to the jurisdiction of the Workers' Compensation Commission; (2) that Claimant was an employee of Employer; (3) that Employer had a workers' compensation policy with Compsource Mutual Insurance Company; (4) Claimant sustained a compensable hernia injury; (5) Claimant timely notified Employer of his injury and filed a claim for compensation within the statutory time period; and (6) Claimant was provided medical treatment, including surgery and paid six (6) weeks of TTD benefits. The only issue before the ALJ was whether, as a matter of law, Claimant was entitled to disfigurement benefits for the hernia.

¶4 In support of his contention that he was entitled to disfigurement benefits, Claimant argued he was disfigured because of the hernia repair and 85A O.S. § 6185A O.S.Supp.2019, § 45

¶5 On May 31, 2022, the ALJ issued an Order Determining Compensability and Denying Disfigurement Benefits (Order) finding that Claimant sustained a compensable hernia injury resulting from "a single incident accidental injury arising out of the course and scope of his employment." As to Claimant's claim for disfigurement benefits, the ALJ analyzed 85A O.S. § 61

The Commission's authority to award disfigurement benefits is governed by 85A O.S. § 4585A O.S. § 6185A O.S. § 6185A O.S. § 4585A O.S. § 6185A O.S. § 45

¶6 Claimant appealed to the Commission. The Commission, sitting en banc, affirmed the ALJ's Order. Claimant now appeals.

STANDARD OF REVIEW

¶7 The standard of review to be followed on appeal of a decision or order of the Commission is specified within the Oklahoma Administrative Workers' Compensation Act (AWCA). Johnson v. Midwest City Del City Public Schools, 2021 OK 29507 P.3d 637Id.; See also 85A O.S.2021, § 78

¶8 The issue on appeal is one of statutory interpretation, which this Court reviews de novo. Strickland v. Stephens Production Co., 2018 OK 6411 P.3d 369De novo review involves a plenary, independent, and non-deferential examination of the trial court's legal rulings.'" Id. (quoting Sheffer v. Buffalo Run Casino, PTE, Inc., 2013 OK 77315 P.3d 359

ANALYSIS

¶9 In his sole claim of error, Claimant argues 85A O.S. § 6185A O.S. § 45

¶10 This Court's "inquiry begins with the text of the statute and--absent unresolvable ambiguity--ends with the text." Hall v. Galmor, 2018 OK 59427 P.3d 1052Id. "In the absence of ambiguity or conflict with another enactment, our task is limited to applying a statute according to the plain meaning of the words chosen by the legislature, which presumptively express that body's intent." Broadway Clinic v. Liberty Mut. Ins. Co., 2006 OK 29139 P.3d 873Hall, 2018 OK 59Fulsom v. Fulsom, 2003 OK 9681 P.3d 652Head v. McCracken, 2004 OK 84102 P.3d 670Arrow Tool & Gauge v. Mead, 2000 OK 8616 P.3d 1120

¶11 It is undisputed that Claimant suffered a hernia injury. Section 61 is the specific provision related to hernia injuries. Subsection B(1) provides, "[n]otwithstanding the provisions of Section 45 of this act, if it is determined that a hernia is a compensable injury under subsection A of this section, the injured employee shall be entitled to temporary total disability for six (6) weeks." 85A O.S. § 61

¶12 "Notwithstanding" means "despite; in spite of." Black's Law Dictionary (11th ed. 2019). In using the clause "notwithstanding the provisions of Section 45," the Legislature unambiguously acknowledged the benefits in Section 45 are not applicable to a compensable hernia injury, and made it clear that it intended for the benefits in Subsection 61(B)(1) to supersede and control over the benefits provided for in Section 45. See, e.g., Glasco v. State Ex. Rel. Oklahoma Dept. of Corrections, 2008 OK 65188 P.3d 177In re Application of Oklahoma Gas & Elec. Co., 2018 OK 31417 P.3d 1196

¶13 We are unpersuaded by Claimant's argument that if he suffered any other compensable injury and sustained the exact same disfigurement, he could receive disfigurement benefits. As the Oklahoma Supreme Court recognized in Graham v. D & K Oilfield Services, Inc., 2017 OK 72404 P.3d 863See 85A O.S.2021, § 62Graham, 2017 OK 72See also Fiesta Pools of Oklahoma City v. Pratt, 1965 OK 133405 P.2d 1014

¶14 As Section 61 expressly addresses the benefits provided to those who suffer from a hernia injury, Claimant's request for disfigurement benefits was correctly denied.

CONCLUSION

¶15 Finding the ALJ and Commission correctly interpreted the provisions of 85A O.S. § 61

¶16 AFFIRMED.

GOREE, P.J., and SWINTON, J., concur.

FOOTNOTES

Pina v. American Piping Inspection, Inc., 2018 OK 40419 P.3d 231

85A O.S. § 45