HOUCK v. OKLAHOMA CITY PUBLIC SCHOOLS, 2023 OK CIV APP 27
Case Number: 121080
Decided: 07/11/2023
Mandate Issued: 08/10/2023
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2023 OK CIV APP 27, __ P.3d __

 

STEVEN HOUCK, Petitioner,
v.
OKLAHOMA CITY PUBLIC SCHOOLS, and COMPSOURCE OKLAHOMA, Respondents.
PROCEEDING TO REVIEW AN ORDER
OF THE WORKERS' COMPENSATION COMMISSION
AFFIRMED
Daniel M. Davis, Oklahoma City, Oklahoma, for Petitioner,
Kristi Bynum Funck, LYTLE, SOULE & FELTY, P.C., Oklahoma City, Oklahoma, for Respondents.
TIMOTHY J. DOWNING, JUDGE:
¶1 Steven Houck (Claimant) seeks review of a Workers' Compensation Commission (Commission) Order affirming the decision of the Administrative Law Judge (ALJ). The ALJ denied Claimant's request for disfigurement benefits, finding that disfigurement benefits are not authorized by (B)(1). Based on our review of the record and appliable law, we affirm.
BACKGROUND
¶2 The facts are undisputed. On March 24, 2021, Claimant, an employee of Oklahoma City Public Schools (Employer), was injured lifting the hood of a school bus. Claimant sought medical treatment and was diagnosed with a hernia. Claimant filed a corrected Form 3 on July 29, 2021. Employer did not contest the injury and Claimant received, pursuant to , medical treatment for the hernia and six (6) weeks of temporary total disability (TTD).
¶3 On February 22, 2022, Claimant filed a Form 9 requesting a contested hearing on his request for disfigurement benefits. A hearing was held before the ALJ on May 23, 2022. The parties stipulated (1) to the jurisdiction of the Workers' Compensation Commission; (2) that Claimant was an employee of Employer; (3) that Employer had a workers' compensation policy with Compsource Mutual Insurance Company; (4) Claimant sustained a compensable hernia injury; (5) Claimant timely notified Employer of his injury and filed a claim for compensation within the statutory time period; and (6) Claimant was provided medical treatment, including surgery and paid six (6) weeks of TTD benefits. The only issue before the ALJ was whether, as a matter of law, Claimant was entitled to disfigurement benefits for the hernia.
¶4 In support of his contention that he was entitled to disfigurement benefits, Claimant argued he was disfigured because of the hernia repair and did not preclude him from receiving disfigurement compensation as provided in (F)(1). Employer disagreed arguing that the benefits set out in Section 61 are exclusive and thus, Claimant was not entitled to the additional benefits provided in Section 45.
¶5 On May 31, 2022, the ALJ issued an Order Determining Compensability and Denying Disfigurement Benefits (Order) finding that Claimant sustained a compensable hernia injury resulting from "a single incident accidental injury arising out of the course and scope of his employment." As to Claimant's claim for disfigurement benefits, the ALJ analyzed and found that the clause, "[n]otwithstanding the provisions of Section 45 in this act," precluded Claimant from receiving disfigurement benefits. The ALJ further stated:
The Commission's authority to award disfigurement benefits is governed by (F)(1). The Commission's authority to award benefits for hernia injuries is govern[ed] by . Based upon the specific, plain, and unambiguous language of the statute, the specific hernia benefits set forth in (six (6) weeks of TTD benefits) control and supersede the benefits set forth in (including disfigurement benefits). As such, although I find Claimant has incurred serious and permanent disfigurement to his left lower groin as a result of the surgery to repair Claimant's admitted compensable hernia, because Claimant suffered a hernia injury, the Commission is only authorized to award those benefits specified by , and cannot award the benefits described in , including disfigurement benefits. Claimant's request for disfigurement benefits must be denied.
¶6 Claimant appealed to the Commission. The Commission, sitting en banc, affirmed the ALJ's Order. Claimant now appeals.
STANDARD OF REVIEW
¶7 The standard of review to be followed on appeal of a decision or order of the Commission is specified within the Oklahoma Administrative Workers' Compensation Act (AWCA). Johnson v. Midwest City Del City Public Schools, , ¶ 11, , 641. The decision "may be modified, reversed, remanded or set aside only for limited reasons including when it is (1) in excess of the statutory authority or jurisdiction of the Commission, (2) made on unlawful procedure, (3) affected by other error of law, or (4) arbitrary or capricious." Id.; See also (C).
¶8 The issue on appeal is one of statutory interpretation, which this Court reviews de novo. Strickland v. Stephens Production Co., , ¶ 4, , 372. '"De novo review involves a plenary, independent, and non-deferential examination of the trial court's legal rulings.'" Id. (quoting Sheffer v. Buffalo Run Casino, PTE, Inc., , ¶ 3, , 361).
ANALYSIS
¶9 In his sole claim of error, Claimant argues (B)(1) does not preclude him from receiving disfigurement benefits as provided for in (F)(1). Thus, according to Claimant, the ALJ and the Commission erred in determining he was not entitled to disfigurement benefits. We disagree.
¶10 This Court's "inquiry begins with the text of the statute and--absent unresolvable ambiguity--ends with the text." Hall v. Galmor, , ¶ 45, , 1070. Our "task is to determine the ordinary meaning of the words that the Legislature chose", because people are governed by the laws as they are written. Id. "In the absence of ambiguity or conflict with another enactment, our task is limited to applying a statute according to the plain meaning of the words chosen by the legislature, which presumptively express that body's intent." Broadway Clinic v. Liberty Mut. Ins. Co., , ¶ 15, , 877. "In ascertaining meaning, we look not just at the text of the provision at issue, but also at the text of related provisions in the same statute or legislative act, in a manner that achieves full force and effect for each provision." Hall, , at ¶ 45. "[A] court is duty-bound to give effect to legislative acts, not amend, repeal or circumvent them." Fulsom v. Fulsom, , ¶ 7, , 655. "[T]he wisdom of choices made within the Legislature's law-making sphere are not our concern, because those choices--absent constitutional or other recognized infirmity--rightly lie within the legislative domain." Head v. McCracken, , ¶ 13, , 680. "Where the statute is plain and unambiguous, there is no room for judicial construction that would extend its ambit beyond the scope of the plain and unambiguous language." Arrow Tool & Gauge v. Mead, , ¶ 15, , 1125.
¶11 It is undisputed that Claimant suffered a hernia injury. Section 61 is the specific provision related to hernia injuries. Subsection B(1) provides, "[n]otwithstanding the provisions of Section 45 of this act, if it is determined that a hernia is a compensable injury under subsection A of this section, the injured employee shall be entitled to temporary total disability for six (6) weeks." (B)(1) (emphasis added).
¶12 "Notwithstanding" means "despite; in spite of." Black's Law Dictionary (11thSee, e.g., Glasco v. State Ex. Rel. Oklahoma Dept. of Corrections, , ¶ 17, , 184 (recognizing that in using the phrase "notwithstanding the provisions of" the Legislature intended for the specific statute using that language to govern instead of a more general statute). The Legislature's intent is clear, Section 61 governs the benefits for hernia injuries, and Claimant is not entitled to additional compensation pursuant to Section 45. In re Application of Oklahoma Gas & Elec. Co., , ¶ 28, , 1205 ("[W]here two statutes address the same subject, one specific and one general, the specific statute will control over the general.").
¶13 We are unpersuaded by Claimant's argument that if he suffered any other compensable injury and sustained the exact same disfigurement, he could receive disfigurement benefits. As the Oklahoma Supreme Court recognized in Graham v. D & K Oilfield Services, Inc., , ¶ 21, , 870, "[l]imitations on the specific amounts of benefits to be received for a particular injury are well within the Legislature's power." Hernia injuries are not the only injuries in which the Legislature has limited the amount of benefits. See (A) ("Notwithstanding the provisions of Section 45 of this title, if an employee suffers a nonsurgical soft tissue injury, temporary total disability compensation shall not exceed eight (8) weeks, regardless of the number of parts of the body to which there is a nonsurgical soft tissue injury."). Further, limitations on benefits received for hernia injuries "have been a part of the Oklahoma workers' compensation scheme nearly since its inception in the early twentieth century." Graham, , at ¶ 19; See also Fiesta Pools of Oklahoma City v. Pratt, , ¶ 24, , 1018-19.
¶14 As Section 61 expressly addresses the benefits provided to those who suffer from a hernia injury, Claimant's request for disfigurement benefits was correctly denied.
CONCLUSION
¶15 Finding the ALJ and Commission correctly interpreted the provisions of , we affirm the Commission's Order.
¶16 AFFIRMED.
GOREE, P.J., and SWINTON, J., concur.
FOOTNOTES
 "The law in effect at the time of the injury controls both the award of benefits and the appellate standard of review." Pina v. American Piping Inspection, Inc., , ¶ 13, , 235.
 The original Form 3 was filed on July 26, 2021, but the date of the injury was incorrect.
 Subsection 45(F)(1) provides, "[i]f an injured employee incurs serious and permanent disfigurement to any part of the body, the Commission may award compensation to the injured employee in an amount not to exceed Fifty Thousand Dollars ($50,000.00)." (F)(1).